Frederick L. Swanson, Plaintiff-Appellant, v. Dr. Harold M. Visotsky, Director, Department of Mental Health of Illinois, Maude Myers, Director, Department of Personnel of Illinois, Michael J. Howlett, Auditor of Public Accounts of Illinois, William J. Scott, State Treasurer of the State of Illinois, Defendants-Appellees.

Gen. No. 52,383.

First District, First Division.

June 10, 1968.

Joseph J. Augustus, of Chicago, for appellant.

William G. Clark, Attorney General of State of Illinois, of Chicago (John J. O'Toole and Robert F. Nix, Assistant Attorneys General, of counsel), for appellees.

MR. JUSTICE ADESKO delivered the opinion of the court.

This is a suit for mandamus and declaratory judgment brought by plaintiff, seeking reinstatement to a position in the Department of Mental Health of the State of Illinois, and also seeking back pay for the period during which he had been discharged. The trial court entered an order dismissing plaintiff's complaint. Plaintiff appealed directly to the Supreme Court, claiming that the case involved State revenue. The Supreme Court, however, transferred the cause to this court. No evidence was introduced and all questions are raised on the pleadings.

Plaintiff's verified complaint, filed April 7, 1965, alleged that he was engaged in the profession of a Personnel Officer; that in March, 1963, pursuant to an open and competitive examination for Personnel Officer III, authorized and conducted by the Department of Personnel of the State of Illinois, plaintiff took and passed said examination; thereafter plaintiff was appointed to said position by the Director of the Department of Mental Health, and assumed the duties of said position on June 15, 1964. He was assigned to the Chicago State Hospital, a division of the Department of Mental Health.

Plaintiff was initially classified as a probationary employee. The Department of Personnel, pursuant to the authority given to it in section 8 of the Personnel Code (Ill Rev Stats 1963, c 127, § 63b108), adopted the following rules concerning the duration of an employee's probationary period.

Department of Personnel Rule 2–310:

> "An employee who enters State service and commences a new period of continuous service or who is reinstated shall serve a probationary period of six months." [1]

Department of Personnel Rule 2–330:

> "A probationary employee shall attain certified status only after he has successfully completed his probationary period. Notice of certification shall be sent to the employee and agency by the Director."

Written charges against plaintiff, dated December 3, 1964, seeking his discharge from the Department of Mental Health, and a notice of approval of those charges signed by the Director of the Department of Mental Health on December 10, 1964, and approved by the Director of Personnel were both sent to plaintiff via registered mail on December 11, 1964. Plaintiff admitted that he received those documents on December 12, 1964. These documents were attached to the complaint as exhibits. Plaintiff argues that the charges and notice of approval of such charges were sent pursuant to section 8b(16) of the Personnel Code (Ill Rev Stats 1963, c 127, § 63b108b(16)). That section provides:

> "For hearing before discharge or demotion with the prior approval of the Director of Personnel only

---

[1] Section 8b(6) of the Personnel Code (Ill Rev Stats 1963, c 127, § 63b108b(6)) provides that the probationary period shall not exceed one year.

307

for cause after appointment is completed, after the person to be discharged . . . has been presented in writing with the reasons requesting such discharge . . ."

The Personnel Code does not specify any procedure for a hearing upon the discharge of a probationary or temporary employee.

Defendants also sent plaintiff a "Personnel Separations" form signed by defendants Harold M. Visotsky and Maude Myers. This form informed plaintiff that the last day he would be paid by the State of Illinois was December 3, 1964. His discharge was effective December 10, 1964. The form also contained a section entitled "Effective Date of Separation." On this line was typed "January 7, 1965."

Plaintiff, recognizing that he had been discharged, wrote to the Civil Service Commission on December 22, 1964, demanding a hearing on the charges against him pursuant to section 111 of the Personnel Code (Ill Rev Stats 1963, c 127, § 63b11), which provides for hearings for the discharge of appointed employees. In response to this request, the Commission informed plaintiff that since he was a probationary employee and not an appointed employee, he was not entitled to a hearing. Plaintiff does not contend that probationary employees are entitled to a hearing upon being discharged. His sole argument on this appeal is that he was a permanent employee and therefore entitled to an appropriate hearing.

■ We find no merit to plaintiff's contention that he was classified as a permanent employee in the service of the State of Illinois. Section 8b(6) of the Personnel Code [2] clearly provides that a probationary employee may

---

[2] Ill Rev Stats 1963, c 127, § 63b108b(6):

"For a period of probation not to exceed one year before appointment or promotion shall be complete, and during which period

be discharged with the consent of the Director of Personnel. The Department of Personnel's Rule 2-310 limits the probationary period to a term of six months. Rule 2-330 states that a probationary employee shall attain certified status only after he has successfully completed his probationary period. It is apparent from the face of the complaint that plaintiff's discharge became legally effective prior to his completion of six months active service. Plaintiff entered the service of the State of Illinois on June 15, 1964; the last day he was to be paid for his services was December 3, 1964; and his discharge from State service was consented to by the Director of Personnel on December 10, 1964, four days prior to the completion of six months' service.

■ We likewise find no merit to plaintiff's contention "that prior to January 7, 1965, he was actively engaged in the performance of his duties as a civil employee in the Department of Mental Health." Plaintiff's argument that he successfully completed his probationary period is predicated upon a notation on his Personnel Separations form which stated that the effective date of separation was to be January 7, 1965. This contention cannot prevail as plaintiff was discharged effective December 10, 1964. He no longer was an employee of the State of Illinois after that date. In People ex rel. Heffernan v. Smykal, 13 Ill App2d 342, 142 NE2d 133 (1957), it was held that a discharge of a probationary employee became effective immediately upon approval of the discharge by the proper official. In the instant case, plaintiff was not retained as a State employee subsequent to December 10, 1964, nor did he at any time attain the status of a permanent or certified employee. Rather, his employment was terminated when the defendant, Director of Mental

_____

a probationer may with the consent of the Director of Personnel, be discharged or reduced in class or rank, or replaced on the eligible list."

Health, approved the written charges and consented to plaintiff's discharge.

No express statutory procedure pertinent to the discharge of a probationary employee is set forth in the Personnel Code. Sections 8b(16) and (11) of the Personnel Code pertain to discharge of employees who have completed their probationary term. However, the use of that procedure does not render void the discharge of the instant plaintiff. Once his discharge was approved by the Director of Personnel, plaintiff's employment with the State was terminated. The procedure was appropriate to discharge plaintiff during his probationary period and the approval by the Director of Personnel complied with the requirements of Section 8b(6).

■ ■ As plaintiff was a probationary employee, no right to a Civil Service Commission hearing accrued to him upon his discharge from State service. The Commission had no jurisdiction to hear an appeal from a probationary discharge, nor did plaintiff have any right to be reinstated. The trial judge was correct in dismissing the complaint.

The order of the Circuit Court of Cook County, dismissing the complaint is affirmed.

Judgment affirmed.

BURMAN, P. J. and MURPHY, J., concur.