(No. 42769.—

DOROTHY JOHNSON *et al.,* Appellants, *vs.* RICHARD B. OGILVIE, Governor, *et al.,* Appellees.

*Opinion filed December 4, 1970.*

BARBARA J. HILLMAN, of Chicago, (KLEIMAN, CORNFIELD AND FELDMAN, of counsel,) for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRANCIS T. CROWE and A. ZOLA GROVES, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiffs, Dorothy Johnson, Bessie Gilbert, Dorothy Pitchford and Mayme Keen, brought this action in the circuit court of Sangamon County alleging that their discharge from their positions as janitresses at the Mount Vernon State Tuberculosis Sanitarium violated their constitutional rights under the first and fourteenth amendments to the constitution of the United States and sections 2 and 19 of the constitution of Illinois, as well as the provisions of the Political Activity Act (Ill. Rev. Stat. 1967, ch. 24½, pars. 38s through 38v), and Rule 2—790 of the Department of Personnel. The Governor, the Director of the Department of Personnel, and other State officials were named as defendants. The relief sought was reinstatement and damages. The defendants' motion to dismiss the complaint was granted, and the plaintiffs have appealed directly to this court. 43 Ill.2d R. 302.

The plaintiffs were employed in the same capacity in May of 1968 when their positions were brought within the coverage of the "merit and fitness" provisions of the Personnel Code in accordance with section 4b of that Code. (Ill. Rev. Stat. 1967, ch. 127, par. 63b104b.) Because of this change to civil service status, the plaintiffs were required to take qualifying examinations designed to test their fitness as "Institutional Workers," the designation given to their former jobs under the Personnel Code. (Ill. Rev. Stat. 1967, ch. 127, par. 63b104b(5).) They passed those examinations, and on August 19, 1968, they commenced serving the probationary period of six months required by Rule 2—310 of the Department of Personnel. During that probationary period their work was evaluated on at least two different occasions. Those evaluations showed that their job performance was more than satisfactory, and recommended that they be permanently certified.

Nonetheless, the complaint alleges, on February 18,

1969, one day prior to the completion of their six months probationary period, each plaintiff received a "Notice of Discharge" on the ground that she was "Not suitable to the agency." The plaintiffs allege that the sole reason for their discharge was their membership in the Democratic Party, and that during their probationary period "the Administration of the State of Illinois changed from that affiliated with the Democratic Party to that affiliated with the Republican Party. In order to provide jobs for members of the Republican Party of the State of Illinois, the Defendants determined to and did fire the Plaintiffs in order to appoint in their stead persons not connected with the Democratic Party of the State of Illinois and/or persons connected with the Republican Party of the State of Illinois."

The defendants first assert that the complaint was properly dismissed because the Administrative Review Act (Ill. Rev. Stat. 1967, ch. 110, par. 264 *et seq.*) provided an exclusive remedy for judicial review of the administrative action in the case, and because the plaintiffs did not exhaust their administrative remedies. The defendants, however, have not pointed out what administrative remedy was available to the plaintiffs, and we are not aware of any to which they could have resorted. Discharges of probationary employeees are not reviewed by the Civil Service Commission (see *Swanson* v. *Visotsky* (1st Dist. 1968), 97 Ill. App. 2d 305), and probationary employees are specifically denied access to the grievance procedures of the Department of Personnel by Rule 2—310 of that Department.

So far as the Administrative Review Act is concerned, review under that Act is exclusive in those situations in which the statute governing the agency expressly provides that the agency's decision is so reviewable. (Ill. Rev. Stat. 1967, ch. 110, par. 265. See also *Moline Tool Co.* v. *Department of Revenue* (1951), 410 Ill. 35; *People ex rel. Chicago and North Western Railway Co.* v. *Hulman*

(1964), 31 Ill.2d 166.) The Personnel Code does subject all final administrative decisions of the Civil Service Commission to review under the Administrative Review Act (Ill. Rev. Stat. 1967, ch. 127, par. 63b111a), but there is no comparable provision covering discharge of probationary employees. Review under the Administrative Review Act was therefore not the exclusive remedy for these plaintiffs.

Apart from questions of constitutional rights, the plaintiffs assert that their discharge was in contravention of the Political Activity Act. (Ill. Rev. Stat. 1967, ch. 24½, pars. 38s through 38v.) That Act provides: "No employee hereunder shall be denied or deprived of employment solely because he is a member * * * of a political party * * *." (Ill. Rev. Stat. 1967, ch. 24½, par. 38u.) If the plaintiffs are within the coverage of the Act, and if the allegations of their complaint are true, it would seem that their discharge was unlawful.

The Political Activity Act applies "to all employees of the State whose *employment* or *tenure* is subject to recognized merit principles of public employment." (Ill. Rev. Stat. 1967, ch. 24½, par. 38s. Emphasis supplied.) This category includes the plaintiffs unless their probationary status excludes them. But section 38u speaks not only of being "deprived" of employment, but also of being "denied" employment because of membership in a political party. Denial of employment refers to persons other than employees who have tenure.

Rule 2—790 of the Rules of the Department of Personnel, expresses a similar thought. It provides: "Discrimination against any person in recruitment, examination, appointment, training, promotion, retention, or any other personnel action, because of religious opinions or affiliations or because of race, national origin or any other non-merit factor is prohibited." Whatever may be the status of probationary employees generally, it is clear, both from the statute

and from the rules of the Department, that probationary employees of the State of Illinois may not be discharged because of political affiliation or party membership.

It follows that the motion to dismiss the complaint should have been overruled. The judgment of the circuit court of Sangamon County is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*