(No. 38335.—

THE PEOPLE *ex rel.* Chicago and North Western Railway Company, Petitioner, *vs.* HARRY L. HULMAN, Director of Revenue, Respondent.

*Opinion filed May 20, 1964.—Rehearing denied September 25, 1964.*

MAYER, FRIEDLICH, SPIESS, TIERNEY, BROWN & PLATT, of Chicago (SHERWOOD K. PLATT, ALFRED M. ROGERS, JR., and ARTHUR S. ROLLIN, of counsel,) for petitioner.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLARD ICE, Special Assistant Attorney General, of counsel,) for respondent.

Mr. JUSTICE DAILY delivered the opinion of the court:

On relation of the Chicago and North Western Railway Company, hereinafter referred to as petitioner, we have granted leave for the filing of an original petition for writ of *mandamus* to compel respondent, Harry L. Hulman, Director of Revenue of the State of Illinois, to cause petitioner's property, located in the 29 counties in which it operates in this State, to be "legally and properly" assessed for the year 1963, "pursuant to authority of the Illinois Revenue Act." More specifically, petitioner claims that an improper method of determining fair cash value was employed by the Department and that the 1963 fair cash value of its property arrived at is so excessive as to amount to constructive if not actual fraud, and what it seeks is an order to compel the Department to reassess its property. Respondent has filed a motion to dismiss which raises an initial issue of whether remedy by way of *mandamus* is available in the case.

From the pleadings and exhibits filed it appears that the matter of assessing petitioner's property for the year 1963 was first taken up by the parties on November 7 and 25, 1963. Subsequently, on December 21, 1963, petitioner was

informed by an officially published notice, (see: Ill. Rev. Stat. 1963, chap. 120, par. 618,) that the Department had determined that the fair cash value of petitioner's property in the State was $114,494,000, and that after the application of a statewide equalization factor of 50%, the equalized assessed value of such property was $57,250,000. See: Ill. Rev. Stat. 1963, chap. 120, par. 561.

On December 30, 1963, the petitioner pursued two courses of action. First, as provided in section 137 of the Revenue Act, (Ill. Rev. Stat. 1963, chap. 120, par. 618,) it applied to the Department for a review and correction of the assessments. Second, it filed in this court a petition for leave to file a petition for writ of *mandamus* seeking the same relief, *viz.,* a reassessment of its property. Thereafter, by a letter dated January 16, 1964, the Department advised defendant that upon review and further consideration of the evidence presented on November 7 and 25, 1963, it had determined that the previously published fair cash valuation and equalized assessed valuation were final. Coincidentally, on January 16, 1964, this court granted leave to petitioner to file a petition for writ of *mandamus.* For reasons later to be stated, it is our opinion that the order granting such leave was improvidently entered.

Five days later, on January 21, 1964, the petitioner applied to the Department for a rehearing. No action was or has as yet been taken on such petition and it is stated in respondent's brief, we believe with justification, that the doubt cast upon any further administrative action by the entry of this court into the controversy has precluded it from doing so. As required by section 86 of the Revenue Act, (Ill. Rev. Stat. 1963, chap. 120, par. 567,) and as permitted by section 139 despite the pendency of judicial review, (Ill. Rev. Stat. 1963, chap. 120, par. 620,) the Department has certified the equalized assessed valuation of petitioner's property as originally determined to the county clerks in the various taxing districts involved.

We are first met by respondent's contention that judicial review of the administrative decision by a *mandamus* proceding is improper and we find the point well taken. As was noted in *Moline Tool Co.* v. *Department of Revenue,* 410 Ill. 35, 37, the Administrative Review Act, (Ill. Rev. Stat. 1963, chap. 110, par. 264 *et seq.*;) was designed to provide a single uniform method by which administrative decisions of State governmental agencies could be reviewed, and, since our decision in that case, it has become firmly established that where an act creating or conferring power on an administrative agency expressly designates that judicial review will be accomplished under the Administrative Review Act, the employment of pre-existing methods of securing judicial review is prohibited. (See: *People ex rel. Builders Supply & Lumber Co.* v. *Village of Maywood,* 22 Ill. App. 2d 283, 287-289; *Continential Air Transport Co.* v. *Carpentier,* 19 Ill. App. 2d 340, 344-345; *People ex rel. Jones* v. *Civil Service Com.* 17 Ill. App. 2d 36, 42-43; *Thompson* v. *Roberts,* 9 Ill. App. 2d 93; *People ex rel. Carpentier* v. *Goers,* 20 Ill.2d 272, 277.) Stated differently, it is the holding of *Moline Tool* and the decisions adhering to it that the Administrative Review Act exclusively applies to and governs every action to review judicially a final decision of an administrative agency where the act creating or conferring power on the agency provides such manner of review by express reference. Going straight to the situation of this case, we held in *People ex rel. United Motor Coach Co.* v. *Carpentier,* 17 Ill.2d 303, 306, and *Pre-Fab Transit Co.* v. *Carpentier,* 17 Ill.2d 515, 517, that judicial review by a *mandamus* proceeding cannot be resorted to where the administrative decision is expressly subjected to review under the provisions of the Administrative Review Act.

Section 80 of the Revenue Act provides that the Department of Revenue shall assess all property owned or used by railroad companies operating in this State, (Ill. Rev. Stat. 1963, chap. 120, par. 561,) and section 137 then pro-

vides for a departmental or administrative review of an assessment upon the application of any person or corporation feeling aggrieved. (Ill. Rev. Stat. 1963, chap. 120, par. 618.) Thereafter, in clear and express terms it is provided in section 138, that the provisions of the Administrative Review Act "shall apply to and govern all proceedings for the judicial review of final administrative decisions of the Department hereunder." (Ill. Rev. Stat. 1963, chap. 120, par. 619.) In view of such language and by force of our prior decisions, judicial review by the pre-existing remedy of *mandamus* is clearly prohibited in this case. Accordingly, petitioner's petition seeking leave to proceed by way of *mandamus* ought never to have been entertained.

For the reason stated, the petition for writ of *mandamus* is dismissed.

*Petition dismissed.*