People of the State of Illinois, ex rel. Martin J. Dever, Jr., David J. Augle, and William J. Danaher, Plaintiffs-Appellees, v. Orlando W. Wilson, Superintendent of Police of the City of Chicago, William E. Cahill, Reginald Du Bois, and Quintin J. Goodwin, Members of and Constituting the Civil Service Commission of the City of Chicago, Otto H. Loser, Acting Comptroller of the City of Chicago, and William J. Milota, Treasurer of the City of Chicago, Defendants-Appellants.

Gen. No. 52,586.

First District, First Division.

March 17, 1969.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Joseph N. Lascaro, Assistant Corporation Counsel, of counsel), for appellants.

Michael F. Ryan, of Chicago, for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a mandamus proceeding, in which the trial court ordered the issuance of a writ of mandamus directed to defendants, commanding them to reinstate and reassign relators to duty as probationary patrolmen in the Chicago Police Department. Defendants appeal.

The determinative issue is whether the plaintiffs were precluded from judicial relief because of their failure to proceed under the Administrative Review Act. Plaintiffs have not appeared in this court.

The complaint for mandamus, filed on March 18, 1965, shows that plaintiffs were appointed on June 29, 1964, to the position of patrolmen and assigned to the Police Training School of the Chicago Police Department for a thirteen-week training course. On September 18, 1964, plaintiffs were suspended from duty by order of Orlando W. Wilson, Superintendent of Police. Later, and during their six-month probationary period, and with the approval of the Civil Service Commission, plaintiffs were discharged from the Chicago Police Department by Orlando W. Wilson, as Superintendent of Police. The complaint alleges that the reasons assigned for their discharges during their probationary periods were false, and that the discharges were accordingly illegal and void.

Initially, defendants moved to strike the complaint and dismiss the suit. The grounds for the motion included the allegation that plaintiffs' proper remedy "was governed exclusively and entirely by said Administrative Review Act and that any case filed by plaintiffs for their alleged

224

grievances, by the express language of said Act, had to be brought thereunder and brought within 35 days from the date of the Civil Service Commission's consent to his discharge to wit: Martin J. Dever, Jr., September 30, 1964, and David J. Augle and William J. Danaher, October 14, 1964, which 35-day period ended for Martin J. Dever on November 4, 1964, and for David J. Augle and William J. Danaher on November 18, 1964. Plaintiffs filed their complaints in mandamus on March 22, 1965."

The trial court denied defendants' motion to strike and dismiss and defendants answered. After a hearing, the court entered a judgment order finding that plaintiffs' discharges were illegal and that plaintiffs were entitled to reinstatement to their positions as patrolmen and ordered that the writ of mandamus be issued as aforesaid.

On appeal, defendants assert that the Municipal Code (Ill Rev Stats 1967, c 24, ¶ 10-1-45) provides that the provisions of the Administrative Review Act (Ill Rev Stats, c 110, ¶¶ 264-279) shall apply to and govern all proceedings for judicial review of final administrative decisions of a Civil Service Commission or of a Police Board of a city of more than 500,000 population.

Defendants further assert that the record shows that the Superintendent of Police properly discharged the plaintiffs pursuant to the authority vested in him by statute, and as this was a final decision, subject to the provisions of the Administrative Review Act, the trial court lacked jurisdiction to entertain the instant case because of plaintiffs' failure to proceed under the Administrative Review Act.

■■ The controlling guidelines to be used here are set forth in People ex rel. Chicago & N. W. Ry. Co. v. Hulman, 31 Ill2d 166, 201 NE2d 103 (1964), where our Supreme Court said (p 169):

"As was noted in Moline Tool Co. v. Department of Revenue, 410 Ill 35, 37, the Administrative Review

Act . . . was designed to provide a single uniform method by which administrative decisions of State governmental agencies could be reviewed, and, since our decision in that case, it has become firmly established that where an act creating or conferring power on an administrative agency expressly designates that judicial review will be accomplished under the Administrative Review Act, the employment of pre-existing methods of securing judicial review is prohibited. . . . Stated differently, it is the holding of Moline Tool and the decisions adhering to it that the Administrative Review Act exclusively applies to and governs every action to review judicially a final decision of an administrative agency where the act creating or conferring power on the agency provides such manner of review by express reference."

See, also, Davis v. Wilson, 96 Ill App2d 225, 228–9, 238 NE2d 237 (1968).

We conclude that the judicial review of plaintiffs' discharges by a mandamus proceeding was improper. Therefore, the judgment order for writ of mandamus is reversed and plaintiffs' complaint is dismissed. Because of these conclusions, defendants' motion taken with the case is not considered.

Reversed and complaint dismissed.

ADESKO, P. J. and BURMAN, J., concur.