(No. 66588.—

SHERWIN DUBIN, Appellee, v. THE PERSONNEL
BOARD OF THE CITY OF CHICAGO, Appellant.

*Opinion filed May 24, 1989.*

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch and Frederick S. Rhine, of counsel), for appellant.

Edward M. Maloney, of Chicago, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Sherwin Dubin filed a petition in the circuit court of Cook County requesting that the court stay an order of the Personnel Board of the City of Chicago (the Board) discharging him from employment. Following a hearing, the judge allowed Dubin's petition and entered an order staying the discharge order and remanding the matter to the Personnel Board. The Personnel Board then appealed. In an unpublished order, the appellate court dismissed the appeal for lack of appellate jurisdiction. (163 Ill. App. 3d 1154 (unpublished order under Supreme Court Rule 23).) We allowed the Board's petition for leave to appeal pursuant to Supreme Court Rule 315(a) (107 Ill. 2d R. 315(a)).

Sherwin Dubin is a career service employee with the City of Chicago's Department of Inspectional Services. Sometime prior to March 1984, the department brought charges against Dubin claiming that he had violated the

city's residency requirement by failing to live within Chicago's city limits (Chicago Municipal Code §25—30 (1984)). On March 1, 1984, a hearing was held by the Personnel Board to investigate the charges. Almost three years later, on January 13, 1987, the Personnel Board issued its findings and decision. The Board's findings regarding Dubin's residency consisted solely of the following statement: "As of March 1, 1984[,] and prior thereto[,] the Respondent, Sherwin Dubin, did not intend to reside and did not in fact physically reside within the corporate boundaries of the City of Chicago." The Board then found Dubin in violation of the municipal code and discharged him from his position with the Department of Inspectional Services.

After receiving the Personnel Board's decision, Dubin filed in the chancery division of the circuit court of Cook County on January 22, 1987, a petition styled "Petition for Stay of Order or in the Alternative a Temporary Restraining Order Against the Personnel Board of the City of Chicago." In the petition, Dubin asserted that the Board's findings of fact were insufficient and that without additional findings by the Board the discharge order was incapable of review under the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, pars. 3—101 through 3—112). Dubin requested that either the discharge order be stayed pending the Board's filing of more specific findings of fact, or that a temporary restraining order be entered enjoining the Board from enforcing its order.

Later in the day on which the petition was filed, a hearing was held on the petition. At the hearing, the Personnel Board, through counsel, argued that the Board's findings were sufficient for purposes of review and also pointed out that Dubin had not filed a complaint seeking judicial review of the Board's decision. In response, Dubin's attorney stated that he believed filing a complaint would be premature at that time. The attorney explained that, without further findings by the

Board, he was unsure whether or not he would advise Dubin to seek review of the Board's discharge order in the courts. The trial judge expressed concern over the lack of a complaint but then stayed the discharge order, concluding that the Board's findings were insufficient to allow meaningful judicial review. The trial judge then remanded the matter to the Board for further findings.

The Personnel Board appealed the circuit court's order staying the discharge. In a Rule 23 order, the appellate court found that it did not have jurisdiction to review the stay order entered by the circuit court. In its opinion, the appellate court found that the jurisdiction of the appellate court is limited to the review of final judgments unless an order falls within a category that qualifies for an interlocutory appeal. (See 107 Ill. 2d Rules 301, 306, 307, 308.) Without analyzing the exceptions for interlocutory appeals contained in Rule 307, the appellate court decided that the stay order under consideration was not a final order and therefore was not appealable.

One justice specially concurred, believing that a split of authority currently exists among the appellate districts regarding the appealability of stay orders entered under the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*). The concurring opinion noted that while in the first and fifth appellate districts such stay orders are appealable under Rule 307 (*Coordinating Committee of Mechanical Specialty Contractors Association v. O'Connor* (1st Dist. 1980), 92 Ill. App. 3d 318; *Cahokia Sportservice, Inc. v. Illinois Liquor Control Comm'n* (5th Dist. 1975), 32 Ill. App. 3d 801), such stay orders are not considered appealable under Rule 307 in the second district (*Gorr v. Board of Fire & Police Commissioners* (2d Dist. 1984), 129 Ill. App. 3d 327). The concurring justice chose to follow *Gorr*, believing that case afforded more protection for municipal employees.

The Personnel Board then petitioned this court for leave to appeal, asking that we resolve the apparent conflict among the appellate districts regarding the appealability of orders staying final decisions of administrative agencies. We granted the petition. In its brief to this court, however, the Board raises a threshold argument contending that the circuit court never had jurisdiction in this case. Because we agree, although not for the reasons suggested by the Board, that the circuit court did not have the authority to stay the Personnel Board's discharge order in this case, we have no reason to decide here whether the stay order was appealable under either the Administrative Review Law or a common law writ of *certiorari*.

The Personnel Board contends that, although it did not challenge the circuit court's jurisdiction in the appellate court, it has not waived this argument since arguments concerning subject matter jurisdiction may be raised at any time. The Board claims that, in order for a circuit court to have jurisdiction to review administrative decisions, the plaintiff must file a complaint. The Board reasons that under article VI, section 9, of the Illinois Constitution (Ill. Const. 1970, art. VI, §9), circuit courts may only review final agency decisions as provided by law. The Board acknowledges that the Administrative Review Law is inapplicable in this case and that decisions of the Personnel Board are reviewable through a common law writ of *certiorari*. (See *Nowicki v. Evanston Fair Housing Review Board* (1975), 62 Ill. 2d 11 (holding that circuit courts have jurisdiction to review final decisions of administrative agencies established by ordinance pursuant to a city's home rule powers through a writ of *certiorari*).) The Personnel Board contends that the law governing the judicial review of its decisions is the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 1–101 *et seq.*), relying specifically on sections 2–602 and 2–603 of that act (Ill. Rev. Stat. 1987, ch. 110, pars. 2–602, 2–603). These sections provide that

the initial pleading in a civil suit shall be designated a complaint and shall state the pleader's cause of action. According to the Board, the filing of a complaint is thus a jurisdictional prerequisite for judicial review of a final agency decision. The Board contends that Dubin's petition was inadequate to comply with this requirement because it was not labeled a complaint and because it was legally insufficient. The Board then concludes that because Dubin's pleading was designated a petition rather than a complaint and because it failed to state a cause of action for judicial review, the pleading cannot be construed as a complaint and the case must be dismissed for want of jurisdiction.

While we agree with the Board that arguments concerning subject matter jurisdiction may be raised at any time (see *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 215), we believe that the remainder of the Board's argument is flawed. First, the Board's argument presupposes that Dubin has sought judicial review of the Board's discharge order. Dubin has maintained throughout the proceedings, however, that he is seeking not the review of the Board's decision to discharge him, but rather a determination by the court that the Board's findings of fact were insufficient to allow him to decide whether to seek review of the Board's discharge order in the circuit court. Because Dubin did not seek review of the Board's final decision but only an order staying that decision and remanding the case to the agency for additional findings of fact, the question of whether the filing of a complaint is a jurisdictional prerequisite for judicial review of a final agency decision is not presented by the facts of this case.

Aside from the problem just mentioned, we believe the Board's sufficiency argument lacks merit. The Board's claim is essentially that a party's failure to file a legally sufficient complaint deprives the court of jurisdiction to hear the case. We have previously stated, however, that subject matter jurisdiction does not depend on

the legal sufficiency of a complaint. (*People ex rel. Scott v. Janson* (1974), 57 Ill. 2d 451, 459; *California v. Western Tire Auto Stores, Inc.* (1965), 32 Ill. 2d 527, 530; *Walton v. Albers* (1942), 380 Ill. 423, 426-27.) To hold otherwise would create the paradoxical situation that a court, by deciding that the allegations in a complaint were insufficient to state a cause of action, would divest itself of having had jurisdiction to make the decision that the complaint was insufficient.

Although we are not persuaded by the jurisdictional argument made by counsel, we believe that the circuit court lacked subject matter jurisdiction in this case for another reason. Subject matter jurisdiction has been defined as the power of a particular court to hear the type of case that is then before it. (*Faris v. Faris* (1966), 35 Ill. 2d 305, 309.) With respect to actions taken by administrative agencies, the constitution provides that "Circuit Courts shall have such power to review [those] action[s] as provided by law." (Ill. Const. 1970, art. VI, §9.) Thus, the question presented in this case is whether, once a final decision has been rendered by an administrative agency, the law provides any authority for a circuit court to make a preliminary determination that the agency's findings of fact are incapable of review, stay the agency's order and remand the case for further findings even though the court has not been asked to review the agency's decision. We believe that the answer to this question is no, and we therefore conclude that the trial court, by its order, exceeded its jurisdiction in this case.

When an administrative agency has rendered a final decision, the law provides that the courts may review the decision through either statutory or common law procedures. (See *Nowicki*, 62 Ill. 2d 11.) If the statute creating or conferring power on an administrative agency expressly adopts the Administrative Review Law, the provisions of the statute govern every action to review that agency's decisions. (*People ex rel. Chicago & North Western Ry. Co. v. Hulman* (1964), 31 Ill. 2d 166,

169.) If, as here, the Administrative Review Law is inapplicable, a party may seek review of a final agency decision through a common law writ of *certiorari*. (*Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529, 541.) The differences which once existed between the statutory and common law methods of reviewing decisions of administrative agencies have been all but lost, and now the nature and extent of judicial review is virtually the same under both methods. (*Smith*, 67 Ill. 2d at 541-42.) The circuit courts, therefore, do not possess greater authority to review actions by agencies whose final decisions are reviewable through common law methods than the courts have when statutory procedures apply.

We have previously recognized that where the Administrative Review Act (now the Administrative Review Law) is applicable and provides a remedy, the circuit courts may not redress the parties' grievances through other types of actions. (See *Christian Action Ministry v. Department of Local Government Affairs* (1978), 74 Ill. 2d 51, 59-60 (judicial scrutiny by way of equity is improper where administrative review is available); *Calderwood Corp. v. Mahin* (1974), 57 Ill. 2d 216, 220-21 (injunctive relief unavailable where challenge to final decision may be raised through administrative review); *People ex rel. Chicago & North Western Ry. Co. v. Hulman* (1964), 31 Ill. 2d 166, 169 (*mandamus* does not lie where administrative review is available).) In the case of final agency decisions reviewable under the Administrative Review Law, once the circuit court has been asked to review an agency's final decision, the court has the power to stay the decision for good cause shown pending final disposition of the case by the circuit court and also the power to make any order that it deems proper for the amendment, completion or filing of the record of proceedings of the administrative agency. (Ill. Rev. Stat. 1987, ch. 110, pars. 3—111(a)(1), (a)(2).) Because the Administrative Review Law, and correspondingly the common law writ of *certiorari* applicable here,

provide for the remedy sought by Dubin, we believe an action for judicial review of the Board's discharge order provides the sole method by which Dubin might obtain the relief he seeks.

Thus, where a final agency decision has been rendered and the circuit court may grant the relief which a party seeks within the context of reviewing that decision, a circuit court has no authority to entertain independent actions regarding the actions of an administrative agency. Any other conclusion would enable a party to litigate separately every alleged error committed by an agency in the course of the administrative proceedings. Finally, we caution that nothing in this opinion should be interpreted to suggest that the findings of fact by the Personnel Board are either sufficient or insufficient. We hold only that the circuit court's power to resolve any controversy regarding their sufficiency must be exercised within the course of reviewing the Board's discharge order and not in a separate proceeding.

For the reasons stated, the judgments of the appellate and circuit courts are reversed and the cause is remanded to the circuit court with directions to dismiss the petition.

*Appellate court reversed;*
*circuit court reversed;*
*cause remanded with directions.*

JUSTICE CALVO took no part in the consideration or decision of this case.