GEORGE S. BLAGOUE, Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, State of Illinois, Defendant-Appellant.

Fourth District No. 4—89—0933

Opinion filed March 30, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Linda J. Hay and Tanya Solov, Assistant Attorneys General, of Chicago, of counsel), for appellant.

George S. Blagoue, of Carlyle, appellee *pro se.*

JUSTICE SPITZ delivered the opinion of the court:

Defendant, Secretary of State Jim Edgar (Secretary), appeals the circuit court's grant of a temporary restraining order (TRO) staying the suspension of plaintiff's driving privileges. We reverse the circuit court's order.

Plaintiff was involved in an automobile accident on September 18, 1988, in St. Clair County, Illinois. Plaintiff did not have automobile insurance. The Secretary held an administrative hearing on July 26, 1989, to determine whether plaintiff's driving privileges should be suspended for failure to comply with the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 7—100 *et seq.*). The hearing officer concluded that plaintiff was more than 50% at fault, and ordered plaintiff's driving privileges suspended until he posted a $505 bond.

Plaintiff refused to post the bond, and instead filed a *pro se* complaint against the Secretary in the circuit court of St. Clair County on August 28, 1989. Plaintiff sought judicial review of the administrative decision suspending his driving privileges. The Secretary was served with summons on September 1, 1989.

Plaintiff received notice on August 30, or September 1, 1989, that his driving privileges would be suspended as of September 7, 1989. This suspension was to remain in effect until plaintiff posted bond or until the administrative decision was overturned.

On September 6, 1989, plaintiff filed an *ex parte* motion for a TRO. Plaintiff's motion alleged that (1) critical evidence had not been presented at the administrative hearing; (2) if such evidence was pre-

sented, the court would overturn the administrative ruling; (3) plaintiff could not afford to pay the $505 bond; (4) plaintiff is a salesman and is required to travel by automobile; (5) plaintiff has no other means of support; and (6) suspension of plaintiff's driving privileges would cause irreparable financial harm to plaintiff and his family. Plaintiff concluded by asking the court to "issue a temporary restraining order staying the suspension" of plaintiff's driving privileges until the judicial review of the administrative hearing.

The circuit court granted plaintiff's motion for a TRO on September 6, 1989. On September 14, 1989, the circuit court extended the TRO until the judicial review of the administrative hearing, which was set for December 11, 1989.

On September 25, 1989, the Secretary filed a motion to transfer venue to Sangamon County, Illinois, for lack of jurisdiction in accordance with the provisions of section 2—118(e) of the Code, which provides that such suits may only be brought in the circuit courts of either Sangamon or Cook Counties. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118(e).) The motion was heard and granted on October 11, 1989. It was at the October 11 hearing that the assistant Attorney General for defendant, Patricia Hayes, first learned of the TRO against the Secretary and of its subsequent extension. There was some dispute as to whether assistant Attorney General McKeel actually received copies of the TRO and extension orders.

On October 20, 1989, the Secretary filed a motion to dissolve the TRO and dismiss the case in St. Clair County. The motion was heard on October 25, 1989, and denied on November 6, 1989. The case was subsequently transferred to Sangamon County pursuant to the October 11 order. The Secretary thereafter filed notice of interlocutory appeal.

The Secretary contends that the circuit court erred when it refused to dissolve the TRO, which was actually an order staying the Secretary's decision to suspend plaintiff's driving privileges. Specifically, the Secretary argues that plaintiff failed to give notice of the stay and failed to show good cause for the entry of the stay order. We need not address the Secretary's argument as we find the circuit court of St. Clair County was without jurisdiction to enter the September 6 order.

■■ ■ Although it might appear that the circuit court entered a TRO pursuant to section 11—101 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 11—101), its order was a stay pursuant to section 3—111 of the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—111). Plaintiff's motion and the court's orders

indicated that a TRO was sought and granted. Moreover, when questioned at the October 11, 1989, hearing about its jurisdiction to enter the September 6 order, the circuit court stated:

"Nowhere does it say in the statute that I can't entertain a Motion for Temporary Restraining order against Mr. Edgar in St. Clair County. The only thing it says is that I can't hear the administrative review in St. Clair County. So I granted your Motion for Temporary Restraining order."

The Code, however, provides that any action of the Secretary suspending, revoking, or denying any license, permit, registration, or certificate of title shall be subject to review under the Administrative Review Law. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118(e); Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*) Section 3—102 of the Administrative Review Law provides:

"Article III of this Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of Article III of this Act or its predecessor, the Administrative Review Act. In all such cases, *any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not hereafter be employed.*" (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 3—101.

 █ Where an act creating or conferring power on an administrative agency provides that judicial review will be accomplished according to the Administrative Review Law, the use of preexisting methods to secure judicial review is prohibited, and the review law itself is the exclusive means of review. (*People ex rel. Chicago & North Western Ry. Co. v. Hulman* (1964), 31 Ill. 2d 166, 201 N.E.2d 103; *City of Wood Dale v. Illinois State Labor Relations Board* (1988), 166 Ill. App. 3d 881, 890, 520 N.E.2d 1097, 1103.) Thus, courts have held that the purpose of the Administrative Review Law is to dispense with the use of all other actions as means of reviewing administrative decisions, including *mandamus, certiorari,* and injunctive relief, in order to provide a single uniform method of review. *City of Wood Dale,* 166 Ill. App. 3d at 890, 520 N.E.2d at 1102; *Quinlan & Tyson, Inc. v. City of Evanston* (1975), 25 Ill. App. 3d 879, 324 N.E.2d 65.

 █ In the instant case, plaintiff initially participated in proceedings before the Secretary under the Code. Thus, any review of the Secretary's decision would be made pursuant to the Administrative Review Law. One of the powers enumerated in the Administrative Review Law is the power to stay an administrative decision in

whole or in part pending the final disposition of the case. (Ill. Rev. Stat. 1987, ch. 110, par. 3—111(1).) The court's September 6 order and subsequent extension, therefore, though labeled a TRO and extension of the TRO, was in fact a stay made pursuant to the Administrative Review Law. See *Continental Air Transport Co. v. Carpentier* (1958), 19 Ill. App. 2d 340, 152 N.E.2d 488 (where a temporary injunction sought under the Administrative Review Act of 1957 was treated as a stay of the decision of an administrative agency).

■■ The circuit court of St. Clair County was without jurisdiction to enter a stay pursuant to the Administrative Review Law. Reviews of administrative decisions under the Illinois Vehicle Code may only be heard in Sangamon and Cook Counties. The policy behind this statute is to centralize the proceedings for the benefit of the Secretary. The court's TRO order and subsequent extension was thus void *ab initio* and is reversed.

Reversed.

LUND and STEIGMANN, JJ., concur.