DONALD LEE KREN, Plaintiff-Appellant, v. CIVIL SERVICE COMMIS-
SION OF THE CITY OF SPRINGFIELD, Defendant-Appellee.

Fourth District   No. 4—90—0698

Opinion filed June 27, 1991.

Donald Kren, of Springfield, appellant *pro se.*

James K. Zerkle, Corporation Counsel, of Springfield (John P. Schmit, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE GREEN delivered the opinion of the court:

On October 26, 1989, plaintiff Donald Lee Kren filed a complaint in the circuit court of Sangamon County directed against defendant Springfield Civil Service Commission (Commission). An amended three-count complaint was subsequently filed. At all times, one of the counts sought administrative review (Ill. Rev. Stat. 1989, ch. 110, par. 3—102) of the ultimate decision of the Commission, *i.e.*, that plaintiff had failed a civil service examination for promotion to the position of fire battalion chief.

The Commission filed a motion to dismiss each count of the amended complaint, and plaintiff filed a motion for summary judgment. At a hearing, the circuit court treated the Commission's motion to dismiss as a motion for summary judgment. On September 10, 1990, the circuit court entered an order denying plaintiff's motion for summary judgment and granting a summary judgment to the Commission as to every count, including that for administrative review. Plaintiff has appealed the ruling as to count I, which sought a writ of *mandamus* to require the Commission to take certain action in regard to hearing objections plaintiff had made in regard to the civil service examination involved; and count II, which sought administrative review.

■ Because the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 10—1—45) expressly provides that judicial review of the Commission's final decisions is to be taken pursuant to the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*), the use of "preexisting methods to secure judicial review[, including *mandamus,*] is prohibited, and the review law itself is the exclusive means of review." (*Blagoue v. Edgar* (1990), 196 Ill. App. 3d 92, 95, 553 N.E.2d 90, 92.) Accordingly, the circuit court did not err in entering judgment for the Commission in regard to the request for relief in *mandamus.*

The judgment against plaintiff on the administrative review count presents more difficult questions. The Commission maintains plain-

tiff's request for judicial review in the circuit court was untimely because plaintiff did not make a timely request of the Commission for a final decision pursuant to Commission rules. Plaintiff's complaint concerning the action of the Commission in failing him on his examination is not articulated with clarity. He proceeds *pro se* before us and apparently drafted the documents he presented to the Commission. He did have counsel before the circuit court. The substance of his complaint is that the answers to the examination questions deemed appropriate by the Commission were, in fact, not correct answers.

Analysis of the Commission rules, which plaintiff was required to follow in seeking review of the Commission's grading of his test, begins with Civil Service Commission Rule 40 (Rule 40), which stated:

> "APPEALS AND CORRECTIONS OF
> ELIGIBILITY RATINGS
> Candidates must appeal to the Commission in writing *within five [5] days of receipt of placement results* to seek any corrections thereof. The Commission shall examine the candidate's appeal at its next regular meeting. If manifest error is discovered in rating, scoring, or computation of results, the Commission shall make the required correction and place the name of the person or persons in the corrected position on the list of eligibles." (Emphasis added.) (Rule 40, City of Springfield, Illinois, Rules of the Civil Service Commission, at 17.)

The question presented by the operation of this rule in this case is when plaintiff became in "receipt of placement results" in order for the five-day period of Rule 40 to commence running.

The record reveals that on July 15, 1988, plaintiff took the civil service examination for placement on the eligibility list for a promotion to fire battalion chief. Then, on July 25, 1988, the Commission sent notice to plaintiff he failed the examination, and plaintiff received this notice on August 1, 1988. On September 6, 1988, plaintiff received a second notice informing him that his name would not be placed on the eligibility list for promotion to fire battalion chief. On September 9, 1988, plaintiff appealed to the Commission pursuant to Rule 40, objecting to the certification of the eligibility list on grounds that the examination was not properly scored.

On September 16, 1988, plaintiff requested the Commission to grant him a hearing regarding his appeal and, on October 3, 1988, his request was denied. On October 10, 1988, the Commission notified plaintiff that the hearing was denied. On October 26, 1988, plaintiff filed the instant complaint, taking the position that he received "placement results" on September 6, 1988—when he received notice

his name would not be placed on the eligibility list for promotion to battalion chief—and that the five-day period of Rule 40 commenced running then, making his September 9 appeal to the Commission timely. The Commission maintains plaintiff received "placement results" on July 25, 1988, when he was sent notice that he had failed the examination.

Attached to the Commission's motion to dismiss the amended complaint was the affidavit of the civil service chief examiner employed at the time plaintiff took the examination. The affidavit stated, among other things:

> (1) "The purpose and intent of an appeal under Rule No. 40, as consistently interpreted by the Civil Service Commission, is to correct any manifest errors in rating, scoring, or computation of results. It is not the intent or purpose of this Rule to contest the content or subject matter of the test, that is the purpose of Rule No. 34. Rule No. 40 simply allows for corrections of mathematical errors in calculating the score. It is simply a ministerial act and, therefore, no evidentiary hearing is provided under this Rule"; and

> (2) "Rule No. 40 also provides that the candidates must file their appeal with the Commission in writing within (5) days of receipt of placement results in order to seek correction."

The chief examiner's affidavit asserted that plaintiff was sent his "placement results" on July 25, 1988, when he was sent notice he failed the exam, and he was aware of his "placement results" at least by August 1, 1988. Therefore, plaintiff's appeal filed pursuant to Rule 40 on September 9, 1990, was not within the prescribed five-day period. During the discovery deposition of the chief examiner, she stated plaintiff's claim could only be properly brought under Rule 34, and not Rule 40. Rule 34 provides as follows:

> "PROTESTS OF EXAMINATIONS BY APPLICANTS
>
> An applicant wishing to protest an examination must within five (5) days (excluding weekends and holidays) after such test file a written Notice of Protest with the Commission.
> ***
>
> At the next regular meeting after receipt of the Notice of Protest, the Commission shall consider the petition, hear any evidence the petitioner may wish to present, and consider any facts or statements of the Chief Examiner." Rule 34, City of Springfield, Illinois, Rules of the Civil Service Commission, at 14.

■ The thrust of plaintiff's claim was that he had made various answers which were correct, and the answers deemed by the Commission to be correct were not. Plaintiff would have had difficulty in forming an opinion in this respect within five days after the examination and filing a written notice of protest within that time as required by Rule 34 when he was not informed of his failure of the test until six days after the test. Clearly, Rule 34 was not adequate to give plaintiff sufficient opportunity for review.

■ Regardless of the existence or meaning of Rule 34, a reasonable argument can be made that when applicants, such as plaintiff, fail an examination given by the Commission, Rule 40 requires any appeal be filed within five days after that notice. However, Rule 39 states:

### "NOTICE OF RESULTS OF
### ELIGIBILITY FOR APPOINTMENT

All persons competing for placement on any eligibility list shall receive notice of their final position thereon, or of their failure to attain placement ***." (Rule 39, City of Springfield, Illinois, Rules of the Civil Service Commission, at 4.)

The notice required by Rule 39 appears to be notice of "placement results" referred to in Rule 40, which follows Rule 39 in numeral listing. Rule 39 requires notice not only to those on the listing but those who did not attain placement on the list. Plaintiff, who failed the examination, was given this notice. Plaintiff or other applicants could reasonably assume that the Rule 39 notice was the triggering instrument for the five-day period of Rule 40. We hold it was and that plaintiff's appeal was filed within the time span of Rule 40.

Commission Rule 33 allows a candidate a right to inspect his test "except where the validity of the test would be jeopardized," and to question "the validity of his grade," any error "in scoring" and other "relevant" and "material" matters. Questions raised are to be noted by the chief examiner and certified to the Commission. Plaintiff alleges he followed this route, raising questions to the chief examiner, who failed to certify them to the Commission. The Commission contends that appeal from this ruling should be under Rule 34, but for an applicant to proceed in this manner—and get a ruling before the end of the five-day period from the date of the examination, so as to appeal within the time frame required by Rule 34—would appear to be almost impossible.

■ The instant "summary judgment" was entered on a motion of the Commission to dismiss. Plaintiff had a right to a hearing under Rule 40, which he was not given. We must reverse the order of the

circuit court granting summary judgment and remand to the Commission with directions to hold such a hearing. We recognize that each applicant who fails an examination cannot appeal under Rule 40 and, if dissatisfied with the result, take judicial review and expect the court to regrade the examination. However, an applicant is entitled to some sort of a Rule 40 hearing to determine whether (1) the examination and scoring were done fairly, and/or (2) the answers deemed appropriate by the examiner are clearly out of line.

We so order.

Reversed and remanded with directions.

LUND, P.J., and McCULLOUGH, J., concur.