2024 IL App (1st) 221837-U

SECOND DIVISION
February 13, 2024

No. 1-22-1837

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| ROCCO CODUTO, | ) | Appeal from the Circuit Court of |
| | ) | Cook County, Illinois, County |
| Plaintiff-Appellant, | ) | Department, Chancery Division |
| v. | ) | |
| | ) | No. 2022 CH 00388 |
| COUNTY OF COOK and THOMAS J. DART, in | ) | |
| his official capacity, | ) | Hon. Anna Demacopoulos, |
| | ) | Judge Presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. Dismissal of complaint for mandamus was proper for lack of subject-matter jurisdiction, as Administrative Review Law provided exclusive remedy.

¶ 2    After an off-duty incident resulting in the arrest of plaintiff, Rocco Coduto, a deputy in the Cook County Sheriff's office, the Sheriff placed plaintiff on unpaid suspension and then filed charges to terminate his employment. The administrative board hearing the charges declined to terminate plaintiff's employment but imposed a suspension of 180 days. The board did not, however, award plaintiff backpay for the time of his unpaid suspension that exceeded 180 days. The Sheriff sought administrative review of the decision, asking the circuit court to order

termination instead of suspension. The circuit court upheld the decision. That judgment was not appealed to this court and is not before us.

¶ 3    Two years after the completion of administrative review, plaintiff sued the Sheriff in the circuit court for mandamus to compel an award of backpay for the period of unpaid suspension that exceeded 180 days. The circuit court dismissed the action, among other reasons, because plaintiff's exclusive remedy was via the Administrative Review Law, and the circuit court lacked subject-matter jurisdiction over the mandamus complaint. We agree and affirm.

¶ 4                                   BACKGROUND

¶ 5    Plaintiff had been a deputy sheriff in Cook County for nearly eleven years when, in May 2015, he was arrested for driving under the influence, his third offense. He timely reported the arrest to his superiors. He pleaded guilty and received two years' conditional discharge.

¶ 6    On August 15, 2016, the Sheriff suspended plaintiff without pay. The Sheriff then sought plaintiff's termination by filing charges with the Cook County Sheriff's Merit Board (Merit Board), alleging violations of rules and orders promulgated by the Sheriff and the Merit Board.

¶ 7    On December 14, 2018, after a full evidentiary hearing, the Merit Board issued its final decision. The Merit Board found that plaintiff violated the rules as charged but determined that the appropriate sanction was not termination but a suspension of 180 days, the maximum suspension it could levy. See 55 ILCS 5/3-7012 (2014). Though by that time plaintiff had been suspended for over two years, the Merit Board did not award plaintiff backpay of any kind.

¶ 8    Plaintiff did not appeal the Merit Board's decision. But the Sheriff did. On January 21, 2020, the circuit court of Cook County affirmed the board decision. Neither party sought review in this court. Almost two years to the day later, on January 18, 2022, plaintiff filed a complaint in

the circuit court, seeking a writ to mandamus the Sheriff to compensate him for backpay for the period of unpaid leave that exceeded 180 days.

¶ 9    The Sheriff filed a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure. 735 ILCS 5/2-619.1 (West 2020). He sought dismissal under section 2-615 of the Code of Civil Procedure based on the failure to state a claim for mandamus. See *id*. § 2-615. Under section 2-619 (*id*. § 2-619), the Sheriff argued that the court lacked subject-matter jurisdiction, as the Administrative Review Law was the exclusive remedy, as well as arguing that plaintiff was barred by *laches*. The circuit court dismissed the action, agreeing with the Sheriff on the failure to state a claim and on subject-matter jurisdictional grounds. This appeal followed.

¶ 10                                   ANALYSIS

¶ 11    Our review of any judgment of dismissal is *de novo*. *Madison County v. Illinois State Bd. of Elections*, 2022 IL App (4th) 220169, ¶ 42. We may affirm on any basis in the record. *Id*.

¶ 12    Subject-matter jurisdiction refers to the court's power to hear a case. *People v. Castleberry*, 2015 IL 116916, ¶ 12. The Illinois Constitution is the exclusive source of the circuit court's subject-matter jurisdiction with one notable and relevant exception—the circuit court's jurisdiction to hear administrative actions is granted and defined by the legislature. Ill. Const. 1970, art. VI, § 9 ("Circuit Courts shall have such power to review administrative action as provided by law."); *McCormick v. Robertson*, 2015 IL 118230, ¶ 19.

¶ 13    The General Assembly long ago enacted the Administrative Review Law (ARL), which governs every action for judicial review of a final administrative decision if the statute conferring authority on the relevant administrative tribunal has expressly adopted its terms. 735 ILCS 5/3-102 (West 2020); *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 12. With one exception not relevant here, the ARL, if invoked, serves as the exclusive remedy for those

aggrieved by final administrative action. 735 ILCS 5/3-102 (West 2020) ("any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not hereafter be employed."); *Outcom, Inc. v. Illinois Department of Transportation*, 233 Ill. 2d 324, 333 (2009) (ARL "eliminates the use of *mandamus, certiorari, injunction* and other equitable, statutory and common law actions as a means of reviewing agency decisions, thus providing a single uniform method of review."); *Guerrero v. Gardner*, 397 Ill. App. 3d 793, 795 (2010) ("Where a statute adopts the Administrative Review Law, other modes of review, including *mandamus*, are unavailable.").

¶ 14   Put differently, if the ARL provides a remedy, the circuit court lacks jurisdiction to hear an aggrieved party's claim via other remedies such as injunction, *certiorari*, or mandamus. *Dubin v. Personnel Board of City of Chicago*, 128 Ill. 2d 490, 498 (1989) (citing *People ex rel. Chicago & Northwest Railway Co. v. Hulman*, 31 Ill. 2d 166, 169 (1964) ("judicial review by a mandamus proceeding cannot be resorted to where the administrative decision is expressly subjected to review under the provisions of the Administrative Review Act.")). As our supreme court noted more than once: " 'Any other conclusion would enable a party to litigate separately every alleged error committed by an agency in the course of the administrative proceedings.' " *Arvia v. Madigan,* 209 Ill. 2d 520, 531 (2004) (quoting *Dubin,* 128 Ill. 2d at 499).

¶ 15   In Division 3-7 of the Counties Code, the General Assembly created the Cook County Sheriff's Merit Board. 55 ILCS 5/3-7002 (West 2020). Among other things, the Merit Board hears cases involving discipline of the Sheriff's deputies and employees. See *id.* § 3-7012. Section 3-7012 expressly adopts the Administrative Review Law to "govern all proceedings for the judicial review of any order of the Merit Board rendered pursuant to the provisions of this Section." Thus, any final decision of the Merit Board is subject to judicial review via the ARL.

¶ 16    Recall that the Sheriff first suspended plaintiff without pay and filed charges seeking his termination in August 2016. A lengthy delay followed, which we assume was related to various lawsuits challenging the composition of the Merit Board; see generally *Taylor v. Dart*, 2017 IL App (1st) 143684-B, ¶¶ 37, 46; *Goral v. Dart*, 2020 IL 125085, ¶¶ 8, 12.

¶ 17    Over two years after the initiation of the Merit Board proceedings and after a full evidentiary hearing, on December 14, 2018, the Merit Board issued its final decision. As noted, the Merit Board declined to terminate plaintiff, in large part due to his significant efforts at rehabilitation in overcoming his alcoholism. The Merit Board instead imposed its maximum suspension of 180 days. Though by that point plaintiff had obviously been suspended without pay for well over 180 days, the Merit Board did not award him backpay.

¶ 18    It was incumbent on plaintiff at that time to raise any issue regarding backpay. First, he was required to raise it at the administrative hearing. Perhaps he did; we do not have a record of that administrative proceeding; we only note that the final decision of the Merit Board, which *is* in the record, contains no mention of backpay. And second and most critically for our purposes, plaintiff was required to seek judicial review of the Merit Board's final decision for failing to award him backpay, by filing a complaint for administrative review within 35 days of receipt of that final decision—just as the Sheriff did. 735 ILCS 5/3-103 (West 2016); *De Jesus v. Policemen's Annuity & Benefit Fund of City of Chicago*, 2019 IL App (1st) 190486, ¶ 19.

¶ 19    Plaintiff's failure to seek administrative review at that time is unfortunately fatal. The circuit court correctly ruled that plaintiff was required to utilize the remedy of administrative review to the exclusion of all others. The court properly dismissed the mandamus action for lack of subject-matter jurisdiction. See *De Jesus*, 2019 IL App (1st) 190486, ¶ 19 ("[t]he failure to

timely initiate administrative review when it is the sole method of review is jurisdictional and will bar the party from obtaining judicial review of an administrative decision.").

¶ 20    Plaintiff cites *Thaxton v. Walton*, 106 Ill. 2d 513, 515 (1985), for the proposition that mandamus will lie to award backpay "where an employee is reinstated following a determination that his suspension or discharge was illegal." But the facts of that case are starkly different. There, the municipal employee, Thaxton, prevailed on administrative review; his suspension without pay was reversed, and neither party appealed. *Id.* at 514. But the city did not reinstate Thaxton, in defiance of the court's judgment, so he filed a mandamus action to order his reinstatement with backpay. *Id.* Thaxton had already availed himself of the ARL; all that remained was to enforce a court order that, for some reason, the city initially refused to follow.

¶ 21    Plaintiff cites *Chriswell v. Rosewell*, 70 Ill. App. 3d 320, 324 (1979) for a similar proposition, but that case did not involve the ARL or its predecessor, the Administrative Review Act. So the case speaks not at all to the jurisdictional bar plaintiff faces here because of the ARL's applicability.

¶ 22    We do not suggest that mandamus would *never* lie to compel an award of backpay. Our only point is that when the ARL is available, an aggrieved party must seek any relief within the confines of that law and may not resort to common-law remedies such as *certiorari* or mandamus. The legislature has the constitutional authority to define the court's subject-matter jurisdiction in this area, and that is how it has cabined it. See 735 ILCS 5/3-102 (West 2020); *Outcom*, 233 Ill. 2d at 333; *Arvia,* 209 Ill. 2d at 531. We have no option but to respect it.

¶ 23                                CONCLUSION

¶ 24    The judgment of the circuit court is affirmed.

¶ 25    Affirmed.