2024 IL App (1st) 221837

SECOND DIVISION
March 26, 2024

No. 1-22-1837

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ROCCO CODUTO, | ) | Appeal from the Circuit Court of |
| | ) | Cook County, Illinois, County |
| Plaintiff-Appellant, | ) | Department, Chancery Division |
| v. | ) | |
| | ) | No. 2022 CH 00388 |
| THE COUNTY OF COOK and THOMAS J. | ) | |
| DART, in His Official Capacity as the Sheriff of | ) | Hon. Anna Demacopoulos, |
| Cook County, Illinois, | ) | Judge Presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE ELLIS delivered the judgment of the court, with opinion.
Justices McBride and Cobbs concurred in the judgment and opinion.

**OPINION**

¶ 1    After an off-duty incident resulting in the arrest of plaintiff Rocco Coduto, a deputy in the Cook County Sheriff's Office, Sheriff Thomas J. Dart ("Sheriff") placed plaintiff on unpaid suspension and then filed charges to terminate his employment. The administrative board hearing the charges declined to terminate plaintiff's employment but imposed a suspension of 180 days. The board did not, however, award plaintiff back pay for the time of his unpaid suspension that exceeded 180 days. Unhappy with the lesser penalty of suspension, the Sheriff sought administrative review of the decision, asking the circuit court to order termination. The circuit court upheld the decision. That judgment was not appealed to this court and is not before us.

¶ 2    Two years after the completion of administrative review, plaintiff sued the Sheriff in the circuit court for *mandamus* to compel an award of back pay for the period of unpaid suspension that exceeded 180 days. The circuit court dismissed the action, among other reasons, because plaintiff's exclusive remedy was via the Administrative Review Law, and the circuit court lacked subject-matter jurisdiction over the *mandamus* complaint. We agree and affirm.

¶ 3                                          BACKGROUND

¶ 4    Plaintiff had been a deputy sheriff in Cook County for nearly 11 years when, in May 2015, he was arrested for driving under the influence, his third offense. He timely reported the arrest to his superiors. He pleaded guilty and received two years' conditional discharge.

¶ 5    On August 15, 2016, the Sheriff suspended plaintiff without pay. The Sheriff then sought plaintiff's termination by filing charges with the Cook County Sheriff's Merit Board (Merit Board), alleging violations of rules and orders promulgated by the Sheriff and the Merit Board.

¶ 6    On December 14, 2018, after a full evidentiary hearing, the Merit Board issued its final decision. The Merit Board found that plaintiff violated the rules as charged but determined that the appropriate sanction was not termination but a suspension of 180 days, the maximum suspension it could levy. See 55 ILCS 5/3-7012 (West 2018). Though by that time plaintiff had been suspended for over two years, the Merit Board did not award plaintiff back pay of any kind.

¶ 7    Plaintiff did not appeal the Merit Board's decision. But the Sheriff did. On January 21, 2020, the circuit court of Cook County affirmed the Merit Board's decision. Neither party sought review in this court. Almost two years to the day later, on January 18, 2022, plaintiff filed a complaint in the circuit court, seeking a writ to *mandamus* the Sheriff to compensate him for back pay for the period of unpaid leave that exceeded 180 days.

¶ 8       The Sheriff filed a combined motion to dismiss under section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2022)). He sought dismissal under section 2-615 of the Code of Civil Procedure based on the failure to state a claim for *mandamus*. See *id.* § 2-615. Under section 2-619 (*id.* § 2-619), the Sheriff argued that the court lacked subject-matter jurisdiction, as the Administrative Review Law was the exclusive remedy, as well as arguing that plaintiff was barred by *laches*. The circuit court dismissed the action, agreeing with the Sheriff on the failure to state a claim and on subject-matter jurisdictional grounds. This appeal followed.

¶ 9                                    ANALYSIS

¶ 10     Our review of any judgment of dismissal is *de novo*. *Madison County v. Illinois State Board of Elections*, 2022 IL App (4th) 220169, ¶ 42. We may affirm on any basis in the record. *Id.*

¶ 11     Subject-matter jurisdiction refers to the court's power to hear a case. *People v. Castleberry*, 2015 IL 116916, ¶ 12. The Illinois Constitution is the exclusive source of the circuit court's subject-matter jurisdiction with one notable and relevant exception—the circuit court's jurisdiction to hear administrative actions is granted and defined by the legislature. Ill. Const. 1970, art. VI, § 9 ("Circuit Courts shall have such power to review administrative action as provided by law."); *McCormick v. Robertson*, 2015 IL 118230, ¶ 19.

¶ 12     The General Assembly long ago enacted the Administrative Review Law, which governs every action for judicial review of a final administrative decision if the statute conferring authority on the relevant administrative tribunal has expressly adopted its terms. 735 ILCS 5/3-102 (West 2022); *Slepicka v. Illinois Department of Public Health*, 2014 IL 116927, ¶ 12. With one exception not relevant here, the Administrative Review Law, if invoked, serves as the exclusive remedy for those aggrieved by final administrative action. 735 ILCS 5/3-102 (West

2022) ("any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not hereafter be employed"); *Outcom, Inc. v. Illinois Department of Transportation*, 233 Ill. 2d 324, 333 (2009) (Administrative Review Law "eliminates the use of *mandamus*, *certiorari*, injunction and other equitable, statutory and common law actions as a means of reviewing agency decisions, thus providing a single uniform method of review"); *Guerrero v. Gardner*, 397 Ill. App. 3d 793, 795 (2010) ("Where a statute adopts the Administrative Review Law, other modes of review, including *mandamus*, are unavailable.").

¶ 13     Put differently, if the Administrative Review Law provides a remedy, the circuit court lacks jurisdiction to hear an aggrieved party's claim via other remedies such as injunction, *certiorari*, or *mandamus*. *Dubin v. Personnel Board of Chicago*, 128 Ill. 2d 490, 498 (1989) (citing *People ex rel. Chicago & North Western Ry. Co. v. Hulman*, 31 Ill. 2d 166, 169 (1964) ("judicial review by a *mandamus* proceeding cannot be resorted to where the administrative decision is expressly subjected to review under the provisions of the Administrative Review Act")). As our supreme court noted more than once: " 'Any other conclusion would enable a party to litigate separately every alleged error committed by an agency in the course of the administrative proceedings.' " *Arvia v. Madigan*, 209 Ill. 2d 520, 532 (2004) (quoting *Dubin*, 128 Ill. 2d at 499).

¶ 14     In division 3-7 of the Counties Code, the General Assembly created the Cook County Sheriff's Merit Board. 55 ILCS 5/3-7002 (West 2022). Among other things, the Merit Board hears cases involving discipline of the Sheriff's deputies and employees. See *id.* § 3-7012. Section 3-7012 expressly adopts the Administrative Review Law to "govern all proceedings for the judicial review of any order of the Board rendered pursuant to the provisions of this Section."

*Id.* Thus, any final decision of the Merit Board is subject to judicial review via the Administrative Review Law.

¶ 15    Recall that the Sheriff first suspended plaintiff without pay and filed charges seeking his termination in August 2016. A lengthy delay followed, which we assume was related to various lawsuits challenging the composition of the Merit Board. See generally *Taylor v. Dart*, 2017 IL App (1st) 143684-B, ¶¶ 37, 46; *Goral v. Dart*, 2020 IL 125085, ¶¶ 8, 12.

¶ 16    Over two years after the initiation of the Merit Board proceedings and after a full evidentiary hearing, on December 14, 2018, the Merit Board issued its final decision. As noted, the Merit Board declined to terminate plaintiff, in large part due to his significant efforts at rehabilitation in overcoming his alcoholism. The Merit Board instead imposed its maximum suspension of 180 days. Though by that point plaintiff had obviously been suspended without pay for well over 180 days, the Merit Board did not award him back pay.

¶ 17    It was incumbent on plaintiff at that time to raise any issue regarding back pay. First, he was required to raise it at the administrative hearing. Perhaps he did; we do not have a record of that administrative proceeding; we only note that the final decision of the Merit Board, which *is* in the record, contains no mention of back pay. And second and most critically for our purposes, plaintiff was required to seek judicial review of the Merit Board's final decision for failing to award him back pay, by filing a complaint for administrative review within 35 days of receipt of that final decision—just as the Sheriff did. 735 ILCS 5/3-103 (West 2018); *De Jesus v. Policemen's Annuity & Benefit Fund of Chicago*, 2019 IL App (1st) 190486, ¶ 19.

¶ 18    Plaintiff's failure to seek administrative review at that time is unfortunately fatal. The circuit court correctly ruled that plaintiff was required to utilize the remedy of administrative review to the exclusion of all others. The court properly dismissed the *mandamus* action for lack

of subject-matter jurisdiction. See *De Jesus*, 2019 IL App (1st) 190486, ¶ 19 ("[t]he failure to timely initiate administrative review when it is the sole method of review is jurisdictional and will bar the party from obtaining judicial review of an administrative decision").

¶ 19 Plaintiff cites *Thaxton v. Walton*, 106 Ill. 2d 513, 515 (1985), for the proposition that *mandamus* will lie to award back pay "where an employee is reinstated following a determination that his suspension or discharge was illegal." But the facts of that case are starkly different. There, the municipal employee, Thaxton, prevailed on administrative review; his suspension without pay was reversed, and neither party appealed. *Id.* at 514. But the city did not reinstate Thaxton, in defiance of the court's judgment, so he filed a *mandamus* action to order his reinstatement with back pay. *Id.* Thaxton had already availed himself of the Administrative Review Law; all that remained was to enforce a court order that, for some reason, the city initially refused to follow.

¶ 20 Plaintiff cites *Chriswell v. Rosewell*, 70 Ill. App. 3d 320, 324 (1979), for a similar proposition, but that case did not involve the Administrative Review Law or its predecessor, the Administrative Review Act. So the case speaks not at all to the jurisdictional bar plaintiff faces here because of the Administrative Review Law's applicability.

¶ 21 We do not suggest that *mandamus* would *never* lie to compel an award of back pay. Our only point is that when the Administrative Review Law is available, an aggrieved party must seek any relief within the confines of that law and may not resort to common-law remedies such as *certiorari* or *mandamus*. The legislature has the constitutional authority to define the court's subject-matter jurisdiction in this area, and that is how it has cabined it. See 735 ILCS 5/3-102 (West 2022); *Outcom*, 233 Ill. 2d at 333; *Arvia*, 209 Ill. 2d at 531. We have no option but to respect it.

6

¶ 22                                    CONCLUSION

¶ 23    The judgment of the circuit court is affirmed.

¶ 24    Affirmed.

---

*Coduto v. County of Cook*, 2024 IL App (1st) 221837

---

| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2022-CH-00388; the Hon. Anna Demacopoulos, Judge, presiding. |
|---|---|

---

| **Attorneys for Appellant:** | John R. Roche Jr., of Illinois Fraternal Order of Police Labor Council, of Carol Stream, for appellant. |
|---|---|

---

| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Cathy McNeil Stein, Jonathon D. Byrer, and Nazia Hasan, Assistant State's Attorneys, of counsel), for the People. |
|---|---|

---