MARGARITA GUERRERO *et al.*, Plaintiffs-Appellees, v. CAMELA GARDNER *et al.*, Defendants-Appellants.

Second District No. 2—09—0013

Opinion filed January 15, 2010.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Rachel Murphy, Assistant Attorney General, of counsel), for appellants.

Dennis A. Brebner, of Dennis A. Brebner & Associates, of Waukegan, for appellees.

JUSTICE BURKE delivered the opinion of the court:

Plaintiffs, Margarita Guerrero and Deloris McCoy, applied separately to the Illinois Department of Human Services (Department) for medical assistance. The Department denied both applications on the ground that neither met the statutory criteria. Each

plaintiff filed an administrative appeal, and the Department scheduled both appeals for December 7, 2006. Before the hearing, Guerrero's representative submitted a written request to appear by telephone, and McCoy's representative asked for a postponement pending receipt of additional medical records. The Department did not grant either request. When plaintiffs did not appear for their hearings, the Department dismissed the appeals as abandoned.

The time for petitioning for administrative review passed, and plaintiffs filed a complaint for *mandamus* in the circuit court. Plaintiffs asked the court to direct defendants, Department officials Camela Gardner, Shirley Crawford, and Carol Adams, to reinstate the administrative appeals, schedule hearings, and permit plaintiffs' representatives to appear by telephone. Specifically, plaintiffs alleged that "[d]efendants routinely abuse their discretion and refuse to allow appellants and their representatives to appear by telephone for assistance hearings," while the hearing officers themselves routinely conduct the hearings by telephone.

Defendants moved to dismiss the complaint under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2008)), arguing that (1) the circuit court lacked subject matter jurisdiction over the *mandamus* action because the Department's dismissals were final administrative decisions that are reviewable only under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 2008)), and (2) the decisions whether to grant a continuance and to allow a party to appear telephonically are discretionary matters that are not subject to a *mandamus* action. The court denied defendants' motion to dismiss and, relying on the assertions of plaintiffs' counsel, entered an order granting plaintiffs *mandamus* relief. Defendants moved for reconsideration, the court denied the motion, and defendants timely appeal.

## ANALYSIS

On appeal, defendants argue alternatively that (1) the Department's dismissals of the administrative appeals are reviewable only under the Administrative Review Law, and thus the circuit court's order must be vacated for lack of jurisdiction over the *mandamus* complaint; (2) even if the court had jurisdiction, the complaint fails to allege sufficient facts to demonstrate a clear legal right to relief or a manifest injustice, and therefore, the order must be reversed; and (3) even if the court had jurisdiction and correctly denied the motion to dismiss, the court's factual findings are improperly based on the assertions of plaintiffs' counsel and not on competent evidence. Because we agree with defendants that the circuit court lacked jurisdiction over the complaint, we need not address the remaining arguments of defendants.

This court reviews *de novo* the issue of a circuit court's subject matter jurisdiction. *In re Estate of Ahern*, 359 Ill. App. 3d 805, 809 (2005). Generally, a party may not seek judicial relief from an administrative action unless the party has exhausted all available administrative remedies. *Arvia v. Madigan*, 209 Ill. 2d 520, 531 (2004). Requiring the exhaustion of administrative remedies " 'allows the administrative agency to fully develop and consider the facts of the cause before it; it allows the agency to utilize its expertise; and it allows the aggrieved party to ultimately succeed before the agency, making judicial review unnecessary.' " *Arvia*, 209 Ill. 2d at 531, quoting *Castaneda v. Illinois Human Rights Comm'n*, 132 Ill. 2d 304, 308 (1989). The exhaustion doctrine extends to administrative review in a circuit court. *Arvia*, 209 Ill. 2d at 532. Where the Administrative Review Law applies and the circuit court may grant the relief that a party seeks within the context of reviewing the agency's decision, the circuit court has no authority to entertain independent causes of action regarding the agency's actions. *Arvia*, 209 Ill. 2d at 532. Where a statute adopts the Administrative Review Law, other modes of review, including *mandamus*, are unavailable. 735 ILCS 5/3—102 (West 2008); *People ex rel. Chicago & North Western Ry. Co. v. Hulman*, 31 Ill. 2d 166, 169 (1964). " 'Any other conclusion would enable a party to litigate separately every alleged error committed by an agency in the course of the administrative proceedings.' " *Arvia*, 209 Ill. 2d at 532, quoting *Dubin v. Personnel Board*, 128 Ill. 2d 490, 499 (1989); see *Burgess v. Board of Fire & Police Commissioners*, 275 Ill. App. 3d 315, 320 (1995) (affirming dismissal of action seeking declaratory judgment and writ of *mandamus* challenging agency hiring decision, where decision was reviewable under the Administrative Review Law).

In this case, the Public Aid Code specifically adopts the Administrative Review Law, making it the only available method of review for a final administrative decision. 305 ILCS 5/11—8.7 (West 2008). The Public Aid Code provides that the term "administrative decision" is defined by section 3—101 of the Code of Civil Procedure. 305 ILCS 5/11—8.7 (West 2008). Section 3—101 defines "administrative decision" as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3—101 (West 2008). Consistent with section 3—101, Department regulations provide that, when the dismissal of an administrative appeal is based on the absence of the party or the party's representative at the hearing, the dismissal is a "final administrative decision." 89 Ill. Adm. Code §§14.60(a)(1), (f) (2001).

Plaintiffs argue that the absence of a record of a hearing renders the dismissals nonfinal. The Department did not take evidence or make transcripts of the hearings, because plaintiffs failed to appear. However, the dismissals of the administrative appeals terminated plaintiffs' proceedings before the Department. Moreover, we have already rejected the premise that a hearing is a prerequisite to administrative review. *Midland Enterprises, Inc. v. City of Elmhurst*, 226 Ill. App. 3d 494, 501 (1993). Accordingly, we reject plaintiffs' assertions that the dismissals of their administrative appeals were not final administrative decisions. To obtain review of the dismissals, plaintiffs were required to file complaints for administrative review in the circuit court within 35 days of service of the Department's orders. 735 ILCS 5/3—103 (West 2008). Plaintiffs' failure to timely petition for administrative review foreclosed them from obtaining review of the dismissals.

Plaintiffs alternatively argue that the dismissals were not final administrative decisions because the hearing notices and the dismissal notices from the Department were void for failing to comply with sections 10—5 and 10—10 of the Illinois Administrative Procedure Act (Administrative Procedure Act) (5 ILCS 100/10—5, 10—10 (West 2008)). We note that plaintiffs' *mandamus* complaint did not allege that the Department's *actions* were void, whereby the circuit court could have entertained some form of relief other than *mandamus.*

Section 10—5 provides that "[a]ll agencies shall adopt rules establishing procedures for contested case hearings." 5 ILCS 100/ 10—5 (West 2008). Section 10—10 provides in relevant part that "agency rules establishing procedures may include, but need not be limited to, the following components: pre-hearing conferences, representation interview or deposition procedures, default procedures, selection of administrative law judges, the form of the final order, the standard of proof used, which agency official makes the final decision, representation of parties, subpoena request procedures, discovery and protective order procedures, and any review or appeal process within the agency." 5 ILCS 100/10—10 (West 2008). Defendants correctly respond that the Administrative Procedure Act does not apply to hearings of contested cases involving the eligibility of applicants or recipients of public aid. See 305 ILCS 5/12—13 (West 2008).

Plaintiffs also contend that the dismissal notices did not give reasons for the dismissals and did not notify plaintiffs that the decisions could be reviewed through the administrative review process. A review of the notices reveals that the Department adequately informed plaintiffs that the basis of the dismissals was their failure either to proceed with the scheduled hearings or to appear at the hearings at

all. Either way, the Department was informing plaintiffs that their administrative appeals were being dismissed for inadequate participation in the process. The notices further informed plaintiffs that the dismissals were reviewable only through the circuit courts of the State of Illinois.

Plaintiffs could have presented the alleged defects in the notices if they had petitioned for administrative review in the circuit court. Section 3—108 of the Administrative Review Law provides that the administrative record consists of "the entire record of proceedings under review, including such evidence as may have been heard by [the agency] and the findings and decisions made by it." 735 ILCS 5/3—108(b) (West 2008). The contents of the file, including documents filed with the Department, all correspondence and notices between the parties, and the transcripts of Guerrero's initial hearing, would be available for review. Further, if the circuit court felt that the record was inadequate, it could remand the case back to the Department to further develop the record. 735 ILCS 5/3—111(a)(2) (West 2008).

In denying the Department's motion to reconsider, the court emphasized that "I just believe these folks deserve a hearing and if the Department is going to require them to appear, they should at least appear with them or at least allow them to be available by phone the way the Department is available by phone." We are mindful of the circuit court's wish that plaintiffs receive a convenient hearing on their claims before the Department. However, allowing plaintiffs to circumvent the Administrative Review Law is not supported by any statute or case law. The circuit court lacked the authority to grant plaintiffs *mandamus* relief, and the complaint should have been dismissed.

For the preceding reasons, the order of the circuit court of Ogle County granting plaintiffs *mandamus* relief is vacated.

Vacated.

McLAREN and HUTCHINSON, JJ., concur.