Rule 23 order filed
December 20, 2018.
Motion to publish granted
January 18, 2019.

2018 IL App (5th) 170081

NO. 5-17-0081

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MICHAEL TODD, as a Member of the Laborers' International Union of North America Local 459, Belleville, Illinois; and THE MIDWEST REGION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, Great Plains District, Southern & Central District, and Southwest Illinois District, | ) ) ) ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | |
| v. | ) | No. 15-MR-414 |
| | ) | |
| HUGO CHAVIANO, in His Official Capacity as Director, and THE ILLINOIS DEPARTMENT OF LABOR, | ) ) ) | |
| | ) | |
| Defendants-Appellants | ) | |
| | ) | |
| (Associated General Contractors of Illinois; The Underground Contractors Association of Illinois; American Council of Engineering Companies of Illinois; Illinois Society of Professional Engineers; Southern Illinois Builders Association; Illinois Professional Land Surveyors Association; Illinois Road & Transportation Builders Association; Diamond Construction Company; United Contractors Midwest, Inc.; Advanced Asphalt Company; E.T. Simonds; Tarlton Corporation; ARC Design Resources, Inc.; Shive-Hattery, Inc.; PI Surveying Group, P.C.; Robinson Engineering, Ltd.; Prairie Engineers of Illinois, P.C.; Hermann & Associates, L.L.C.; Klinger & Associates, P.C.; McDonough-Whitlow, P.C.; Andrews Engineering, Inc.; Tyson Engineering, Inc.; Bowman, Barrett & Associates, Inc.; Maurer-Stutz, Inc.; Oates Associates, Inc.; Crawford, Murphy & Tilly, Inc.; Ament, Inc.; Alfred Benesch & Company; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

1

Chastain & Associates, L.L.C.; Clark Dietz, Inc.;            )
Coombe-Bloxdorf, P.C.; Farnsworth Group, Inc.;              )
Kaskaskia Engineering Group, L.L.C.; SCI Engineering,       )
Inc.; Woolpert, Inc.; Hartke Engineering and Surveying,     )      Honorable
Inc.; and Poepping, Stone, Bach & Associates, Inc.,         )      Robert P. LeChien,
Putative Intervenors-Appellants).                           )      Judge, presiding.

---

JUSTICE MOORE delivered the judgment of the court, with opinion.

Presiding Justice Overstreet and Justice Welch concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendants, Joe Beyer,[1] in his official capacity as acting Director, and the Illinois Department of Labor (Department), appeal the January 20, 2017, order of the circuit court of St. Clair County, which granted a summary judgment to the plaintiffs, Michael Todd, as a member of the Laborers' International Union of North America Local 459, Belleville, Illinois, and the Midwest Region of the Laborers' International Union of North America, Great Plains District, Southern & Central District, and Southwest Illinois District (Laborers), as to their complaint for declaratory and injunctive relief from a letter issued by the former director of the Department, Hugo Chaviano, on October 16, 2015, which ordered the Department to conduct an investigatory hearing pursuant to section 4(e) of the Prevailing Wage Act (Act) (820 ILCS 130/4(e) (West 2014)), concerning classifications and wage rates for survey workers under the Act. 820 ILCS 130/0.01 *et seq.* (West 2014). In addition, Associated General Contractors of Illinois; the Underground Contractors Association of Illinois; American Council of Engineering Companies of Illinois; Illinois Society of Professional Engineers; Southern Illinois Builders Association; Illinois Professional Land Surveyors Association; Illinois Road & Transportation Builders Association; Diamond Construction Company; United Contractors Midwest, Inc.; Advanced

---

[1]Hugo Chaviano is no longer the Director of the Department. Pursuant to section 2-1008 of the Code of Civil Procedure (735 ILCS 5/2-1008(d) (West 2016)), this action proceeds against his successor, Acting Director Joe Beyer.

2

Asphalt Company; E.T. Simonds; Tarlton Corporation; ARC Design Resources, Inc.; Shive-Hattery, Inc.; PI Surveying Group, P.C.; Robinson Engineering, Ltd.; Prairie Engineers of Illinois, P.C.; Hermann & Associates, L.L.C.; Klinger & Associates, P.C.; McDonough-Whitlow, P.C.; Andrews Engineering, Inc.; Tyson Engineering, Inc.; Bowman, Barrett & Associates, Inc.; Maurer-Stutz, Inc.; Oates Associates, Inc.; Crawford, Murphy & Tilly, Inc.; Ament, Inc.; Alfred Benesch & Company; Chastain & Associates, L.L.C.; Clark Dietz, Inc.; Coombe-Bloxdorf, P.C.; Farnsworth Group, Inc.; Kaskaskia Engineering Group, L.L.C.; SCI Engineering, Inc.; Woolpert, Inc.; Hartke Engineering and Surveying, Inc.; and Poepping, Stone, Bach & Associates, Inc. (Contractors), appeal from the circuit court's January 6, 2016, and August 11, 2016, orders denying their petitions to intervene in the proceeding. In addition, the Laborers have filed a motion to strike portions of the brief filed by the Contractors, and a motion to supplement the record on appeal, which this court has taken with the case. For the following reasons, we grant the Laborers' motion to supplement, deny the Laborers' motion to strike, reverse the circuit court's January 20, 2017, order, and remand with directions that the circuit court dismiss this action for a lack of subject matter jurisdiction.

¶ 2                                      FACTS

¶ 3      The relevant facts leading up to the instant appeal are as follows. In June 2013, the Department, under the authority of Director Joseph Costigan, published, pursuant to section 9 of the Act (820 ILCS 130/9 (West 2012)), prevailing wage rates on its official website. On July 23, 2013, the International Union of Operating Engineers, Local 150, AFL-CIO (Operators), on behalf of its member, Stanley Simrayh, notified the Department, in writing, of his objection to the schedule. The Operators requested the Department to add new sub-classifications for survey crew members (Rodman, Instrument Man, and Foreman) to the existing classification for

3

"Operating Engineer (Highway)" and establish prevailing wage rates for these sub-classifications. The objection stated the Operators were requesting "in accordance with section 4 and 9 of the Act *** an investigatory hearing to establish [p]revailing [w]age rates for Rodman, Instrument Man, and Foreman[,] statewide."

¶ 4 The Department instituted a proceeding on the Operators' objections as case number 14-H-TW07-0031 (2013 proceeding). The Laborers and others were granted leave to intervene in the 2013 proceeding. However, the Contractors' petition to intervene was denied as untimely. On July 29, 2013, the Department issued a notice that it would convene a hearing regarding the Operators' objections, in accordance with article 10 of the Illinois Administrative Procedure Act (5 ILCS 100/10-5 *et seq.* (West 2012)) and the procedures stated in the Department's rules. 56 Ill. Adm. Code 120.100 *et seq.* (2013).

¶ 5 Prior to a formal hearing by the Department, the Laborers, the Operators, and the Department reached an agreement on the disputed issues and entered into two formal consent decrees in the 2013 proceeding. The consent decrees were approved by administrative law judge Claudia Manley on September 12, 2013. The decrees provided for the creation of new classifications for "Survey Worker" and "Survey Foreman." The first consent decree set forth the prevailing wage rates for these classifications in all Illinois counties, excluding Cook, Will, Du Page, Lake, Kane, Kendall, Boone, Grundy, and McHenry. The second consent decree set forth the prevailing wage rates for these classifications in those counties excluded by the first. The new classifications and rates were to become effective on October 1, 2013. On that date, the Department published a schedule of prevailing wages on its official website that included these new classifications and rates.

¶ 6    On October 10, 2013, the Contractors submitted to the Department a written notice of objections to the October 1, 2013, prevailing wage schedule and requested a hearing pursuant to section 9 of the Act. 820 ILCS 130/9 (West 2012). On November 4, 2013, Director Costigan issued a decision denying the Contractors' request for a hearing. On December 4, 2013, the Contractors filed a complaint for administrative review in the circuit court of Cook County, instituting case number 13-CH-26840. On February 14, 2014, the Contractors filed a motion in that case requesting an order staying enforcement of the new classifications pending administrative review. On April 4, 2014, the circuit court of Cook County entered an order granting the Contractors' motion to stay.

¶ 7    The Contractors and the Department entered into an agreement to settle Cook County case number 13-CH-26840, under the following terms. The Department agreed to accept new written objections, pursuant to section 9 of the Act (*id.*), relating to, *inter alia*, the "survey worker" and "survey foreman" classifications and rates. Upon receipt of the objections, the Department agreed to schedule section 9 hearings on the objections. In addition, the Department agreed not to enforce the rates and classifications set forth by the consent decrees and not to repost them on its website until the Department issued a final decision on the Contractors' objections. In exchange, the Contractors agreed to dismiss case number 13-CH-26840 without prejudice.

¶ 8    Pursuant to the settlement agreement, the Department posted prevailing wage rates on its website for July 2014, with the "survey worker" classification and rates crossed out and listed as "Not in Effect." Thereafter, the circuit court of Cook County dismissed, without prejudice, case number 13-CH-26840, but retained jurisdiction to enforce the settlement. The Operators filed objections to the July 2014 posting with the Department, and the Department consolidated the

5

Operators' objections and the Contractors' objections, pursuant to section 9 of the Act (*id.*), as administrative proceeding 15-H-JN07-0853 (2014 proceeding). The Laborers and others were granted leave to intervene in the 2014 proceeding, which was assigned to administrative law judge Michael Haggerty (ALJ Haggerty).

¶ 9 In an order dated September 26, 2014, ALJ Haggerty ruled the issues of classification and rates would be addressed in a bifurcated hearing, with the issue of classification to be heard first. In October 2014, ALJ Haggerty convened a formal hearing in the 2014 proceeding regarding the issue of classification, which took place over seven days. On December 12, 2014, ALJ Haggerty issued an order concerning the classification issue. In this order, ALJ Haggerty determined the classifications of "survey worker" and "survey foreman" are proper under the Act, but the language of the classifications should be amended to clarify the context in which such persons and work are covered. The December 12, 2014, order also noted "[t]his Order is not a final administrative decision for purposes of the [Administrative Review Law (ARL)]. A final administrative decision addressing both the 'classification' and the 'rate' shall issue following the closing of the record on the issue of 'rate.' "

¶ 10 The Contractors and the Laborers filed exceptions to the December 12, 2014, order, and other parties filed responses to those exceptions. In an order dated January 9, 2015, ALJ Haggerty determined the exceptions were not yet ripe to be filed pursuant to Department rules. See 56 Ill. Adm. Code 120.640 (2014). Thereafter, the Operators, the Contractors, the Laborers, and others filed a joint motion requesting a final decision and order on the issue of classification. Due to the magnitude of the issue of rate across 102 counties, and the expectation that exceptions would be filed and administrative review sought on the issue of classification, the parties requested ALJ Haggerty to reconsider the decision to bifurcate the matter, and to issue a final

6

decision and order on the issue of classification to which the parties may file exceptions and "that may be the basis for a final Order of the Director, subject to administrative review." The parties agreed in their joint motion that "[ALJ Haggerty] will retain jurisdiction to conduct a hearing on the issue of rate, if and when there is a final judgment or decision by the court finding the classifications of survey worker and survey foreman are covered under the [Act]. The motion concluded, "it is the understanding of the parties that the status quo prior to the 2013 Consent Decree[s] remain[s] concerning work performed using survey equipment on a construction site."

¶ 11　　Effective January 29, 2015, Director Hugo Chaviano succeeded Director Costigan as Director of the Department. On June 12, 2015, ALJ Haggerty issued a decision and order in the 2014 proceeding, thus granting the parties' joint motion for a "final decision and order." In the decision and order, ALJ Haggerty ordered classifications for "survey worker" and "survey foreman" to be established, statewide, with respect to both highway and building construction, and provided the exact wording to be provided for each classification. In addition, the final decision and order stated, "[s]ubject to the final resolution of any exceptions to/appeals of this Decision and Order, the undersigned retains jurisdiction over the instant matter for the purpose of deciding the issue of 'rate.' " The order concluded by stating, "[f]or purposes of 56 Ill. Admin. Code 120.640, the instant matter is hereby transferred to the Director of Labor." At the bottom of the order, a paragraph entitled "NOTICE" explains exceptions to the decision and order may be filed pursuant to 56 Ill. Adm. Code 120.640. "*In the event no timely or proper exceptions are filed*, the instant Decision and Order shall automatically become the final decision and order of the Director, subject to judicial review in accordance with 735 ILCS 5/3-101 *et. seq.*" (Emphasis added.)

7

¶ 12    On or about June 22, 2015, the Contractors and Operators each filed exceptions to ALJ Haggerty's decision and order. On October 16, 2015, Director Chaviano sent a letter to each of the parties, referencing case number 15-H-JN07-0853. The letter states a formal hearing pursuant to section 9 of the Act (820 ILCS 130/9 (West 2014)) was improperly held on the classification issue, rendering ALJ Haggerty's decision and order "null and void." The letter further states the Department would conduct an investigatory hearing pursuant to section 4 of the Act (*id.* § 4) on the classification issue, and invited all parties to submit to the Department any information they would like for the Department to consider as part of its investigation.

¶ 13    On November 9, 2015, Simrayh and the Operators filed a complaint in the circuit court of Cook County, naming the Department and Director as defendants, which was docketed as case number 15-CH-16443. Simrayh's initial complaint requested injunctive relief from Director Chaviano's October 16, 2015, letter. On November 13, 2015, the Laborers filed a verified complaint for declaratory and injunctive relief in the circuit court of St. Clair County, initiating the instant case.

¶ 14    Count I of the complaint in the instant case requested the circuit court declare the October 16, 2015, letter issued by Director Chaviano is null and void. Further, count I requested a declaration that the prior classification and rate determination for "survey worker and survey foreman" pursuant to the two consent decrees entered in the 2013 proceedings "shall stand as official actions of the Department." Count II of the complaint in the instant case requested the circuit court enjoin the Department from enforcing Director Chaviano's October 16, 2015, letter and require the Department to post "the prevailing wage classification for survey workers as a Laborers' classification at Laborers' rates" on its website, as they were set forth in the consent decrees in the 2013 proceeding.

8

¶ 15    On November 19, 2015, Simrayh and the Operators filed an amended complaint in Cook County case number 15-CH-16443, replacing its complaint for injunctive relief with a petition for administrative review of Director Chaviano's October 16, 2015, letter. In addition, the Operators' amended complaint in the Cook County proceeding added all parties to the 2014 proceedings, including the Contractors and the Laborers, as defendants, pursuant to section 3-101 of the ARL. 735 ILCS 5/3-101 (West 2014).[2]

¶ 16    On December 3, 2015, the Contractors filed a petition to intervene in the instant case pursuant to section 2-408 of the Code of Civil Procedure (Code) (735 ILCS 5/2-408 (West 2014)) and a motion to dismiss the complaint, pursuant to section 2-619(a)(3) of the Code (*id.* § 2-619(a)(3)), because they claimed it is duplicative of the lawsuit the Operators filed in the circuit court of Cook County in case number 15-CH-16443. On December 31, 2015, the Department also filed a motion to dismiss the complaint, pursuant to section 2-619(a)(3) of the Code, due to the Cook County proceeding. The Department also brought an alternative motion to transfer the action to Cook County, pursuant to section 2-106 of the Code (*id.* § 2-106), on the basis of improper venue, or for *forum non conveniens*, pursuant to Illinois Supreme Court Rule 187 (eff. Jan. 4, 2013). On January 6, 2016, the circuit court denied the Contractors' motion to intervene and on January 25, 2016, denied the Department's motion to dismiss or transfer.

¶ 17    On June 8, 2016, the Department filed a motion for summary judgment in the instant case. On June 10, 2016, the Laborers filed a cross-motion for summary judgment. On July 12, 2018, one of the Contractors, United Contractors Midwest, filed another petition to intervene in the instant case, pursuant to sections 2-408(a)(2) and 2-408(b)(2) of the Code. 735 ILCS 5/2-

---

[2]This court takes judicial notice that, on August 18, 2016, the circuit court of Cook County entered an order granting the Laborers' motion to stay Cook County case number 15-CH-16443, pending resolution of the instant action.

408(a)(2), (b)(2) (West 2014). In addition, United Contractors Midwest filed a motion to dismiss the instant case pursuant to sections 2-615 and 2-619 of the Code (*id.* §§ 2-615, 2-619), arguing the Laborers are judicially estopped from pursuing their claims in the instant case because they took an inconsistent position in the 2014 proceedings, specifically requesting the classification issue be determined in a bifurcated proceeding pursuant to section 9 of the Act. 820 ILCS 130/9 (West 2014).

¶ 18    On July 15, 2016, the circuit court held a hearing on the cross-motions for summary judgment and took the motions under advisement. On August 11, 2016, the circuit court entered an order denying United Contractors Midwest's petition to intervene. On January 20, 2017, the circuit court entered an order granting the Laborers' motion for summary judgment, thus implicitly denying the Department's motion for summary judgment. The circuit court declared the 2013 consent decrees "originally established the new classification of survey workers and, by operation of law, now stands as the enforceable classification and wage rate under [the Act]." In addition, the circuit court ordered the Director of the Department to post the classification and wage rate on its website "as set forth in the 2013 [c]onsent [d]ecrees and as affirmed [by the] June 2015 [d]ecision and [o]rder."

¶ 19    On February 21, 2017, the Department filed a notice of appeal from the circuit court's January 20, 2017, order. The Contractors filed a timely notice to join in the Department's appeal of the January 20, 2017, order, as well as a notice of appeal of the circuit court's January 6, 2016, and August 11, 2016, orders. On March 22, 2017, the circuit court granted the Department's motion to stay the judgment pending appeal.

¶ 20    On May 10, 2018, this court granted a motion to file an *amicus* brief on behalf of the Laborers, filed by Martin Flanagan, as a member of the Laborers International Union of North

10

America, the Construction & General Laborers' District Council of Chicago & Vicinity, and the Laborers' District Council Labor Management Cooperation Committee. On June 26, 2018, the Laborers filed a motion to strike portions of the Contractors' brief that addressed issues other than the circuit court's denial of their petitions to intervene in the instant case. On September 12, 2018, this court entered an order taking the motion to strike with the case. On October 22, 2018, the Laborers filed a motion to supplement the record on appeal with records from a related Cook County proceeding, which they included in the appendix to their brief, which this court ordered to be taken with the case as well.

¶ 21                                    ANALYSIS

¶ 22    Because this is an appeal from an order granting a motion for summary judgment, and because our resolution of this appeal is based on an analysis of whether the circuit court had subject matter jurisdiction over the plaintiffs' complaint, our standard of review is *de novo*. See *Perry v. Department of Financial & Professional Regulation*, 2018 IL 122349, ¶ 30 (standard of review for appeal arising from summary judgment order is *de novo*); see also *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 15 (whether a court has jurisdiction to review an administrative decision presents a question of law subject to *de novo* review). An absence of subject matter jurisdiction cannot be waived by the parties and may be raised at any time, even *sua sponte* by a reviewing court. *Veazey v. LaSalle Telecommunications, Inc.*, 334 Ill. App. 3d 926, 934 (2002).

¶ 23    Generally, a party may not seek judicial relief from an administrative action unless the party has exhausted all available administrative remedies. *Arvia v. Madigan*, 209 Ill. 2d 520, 531 (2004). The exhaustion doctrine extends to administrative review in a circuit court. *Id.* at 532. Where the ARL applies and the circuit court may grant the relief a party seeks within the context

11

of reviewing the agency's decision, the circuit court has no authority to entertain independent causes of action regarding the agency's actions. *Id.* Where a statute adopts the ARL, other modes of review are unavailable. *Guerrero v. Gardner*, 397 Ill. App. 3d 793, 795 (2010) (citing 735 ILCS 5/3-102 (West 2008)).

¶ 24    In this case, section 9 of the Act (820 ILCS 130/9 (West 2014)) specifically adopts the ARL, stating it "shall apply to and govern all proceedings for the judicial review of final administrative decisions of any public body or the Department *** [t]hereunder." The Act provides the term "administrative decision" is defined by section 3-101 of the Code. *Id.* Section 3-101 defines "administrative decision" as "any decision, order[,] or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties[,] or privileges of parties and which terminates the proceedings before the administrative agency." 735 ILCS 5/3-101 (West 2014). Accordingly, if Director Chaviano's letter is to be considered a final administrative decision under section 9 of the Act, a petition for administrative review pursuant to the ARL is the exclusive means for obtaining judicial review of the administrative action taken by the Department in the letter. If such is the case, the circuit court would lack subject matter jurisdiction to entertain the Laborers' complaint for declaratory and injunctive relief.[3] Thus, we turn to the Act, and the proceedings before the Department, to determine whether the Director's letter is, indeed, a final "administrative decision" as defined in section 3-101 of the ARL. *Id.* § 3-101 *et seq.*

---

[3]The Department, in its brief, has conceded, for the sake of argument, that the Director's letter was in error, but suggests that it is not a final administrative decision. Thus, the Department requests that this court remand the matter to the Department for further proceedings. However, the Department cannot waive this issue on appeal, as it presents an issue of subject matter jurisdiction. See *Veazey*, 334 Ill. App. 3d at 934.

12

¶ 25    The 2013 consent decrees set forth, for the first time, the classification of "survey worker" and "survey foreman" and their corresponding prevailing wage rates, thus terminating the 2013 proceedings.[4] Once these were published for the first time, the Contractors filed an objection pursuant to section 9 of the Act (820 ILCS 130/9 (West 2012)), which provides that, at any time within 30 days after the Department has published a prevailing wage schedule, any person affected thereby may object in writing to the determination by filing a written notice. Section 9 then provides the Department shall conduct a hearing on any such objection. The Department initially refused to conduct a hearing on the Contractors' objection. However, after the Contractors filed a petition for administrative review in the circuit court of Cook County, the Department and the Contractors entered into a settlement agreement to initiate the 2014 proceedings and conduct a formal hearing pursuant to section 9 of the Act. 820 ILCS 130/9 (West 2014).[5] All parties to this appeal participated in the formal hearing. If Director Chaviano's letter constitutes a "decision, order[,] or determination of [the Department] rendered in [the 2014 proceedings], which affects the legal rights, duties[,] or privileges of [the] parties and which terminates the [2014] proceedings before the [Department]," then the exclusive means of review of the subject matter of the instant case would be a petition for administrative review. See *Guerrero*, 397 Ill. App. 3d at 795 (citing 735 ILCS 5/3-102 (West 2008)); 820 ILCS 130/9 (West 2014). For the following reasons, we find Director Chaviano's letter meets this definition precisely.

---

[4]This court makes no statement as to the legal validity of the manner in which the 2013 proceedings were conducted, as such a determination is unnecessary for our disposition of this appeal.

[5]This court makes no statement regarding the legal validity of the actions taken by the circuit court of Cook County in ordering that enforcement of the 2013 prevailing wage rates to be stayed, as it is unnecessary to the disposition of this appeal.

¶ 26 All formal administrative hearings concerning contested cases conducted under the jurisdiction of the Director and/or the Department are subject to the procedures set forth in sections 120.100 through 120.670 of Title 56 of the Illinois Administrative Code. 56 Ill. Adm. Code 120.100 (2014). A "contested case" means an adjudicatory proceeding in which the individual legal rights, duties, or privileges of a party are required by law to be determined by an agency only after an opportunity for a hearing. 56 Ill. Adm. Code 120.110 (2014). Thus, proceedings under section 9 of the Act fall squarely within the definition of a contested case. Section 120.640(a) of Title 56 specifically provides the procedures set forth therein regarding the ALJ's decision and order applies to all formal hearings conducted pursuant to section 9 of the Act. 56 Ill. Adm. Code 120.640(a) (2014). In order to resolve the issue of the circuit court's subject matter jurisdiction in the instant case, we analyze the relationship between Director Chaviano's letter and the 2014 proceedings within the framework of the Department's rules.

¶ 27 The Operators, Contractors, and Laborers filed a joint motion for ALJ Haggerty to issue a final decision on the issue of classification in the 2014 proceedings. ALJ Haggerty issued such a decision on June 12, 2015. At this time, the parties had 10 days to submit exceptions to ALJ Haggerty's recommendations. 56 Ill. Adm. Code 120.640(b) (2014). If no timely or proper exceptions had been filed, ALJ Haggerty's June 12, 2015, decision would have automatically become the decision of the Director. *Id.* However, on or about June 22, 2015, the Contractors and Operators each filed exceptions to ALJ Haggerty's decision. Therefore, the Director was required to review the record, along with ALJ Haggerty's findings, together with the exceptions, and to issue an order as set forth by applicable statutes within a reasonable time. *Id.*

14

¶ 28    The record is devoid of any decision by the Director of the Department as required by the aforementioned rules until Director Chaviano issued his letter on October 16, 2015.[6] In the letter, Director Chaviano specifically referenced the 2014 proceedings, satisfying the requirement in section 3-101 of the ARL (735 ILCS 5/3-101 (West 2014)) that the decision, order, or determination of the administrative agency be rendered in a particular case. Director Chaviano's letter made an express finding that ALJ Haggerty's decision and order was "null and void" because the classification issue was improperly determined by formal hearing pursuant to section 9 of the Act (820 ILCS 130/9 (West 2014)), rather than an investigatory hearing pursuant to section 4 of the Act. *Id.* § 4.[7] This clearly affected the legal rights, duties, or privileges of the parties to the 2014 proceedings, as required by section 3-101 of the ARL (735 ILCS 5/3-101 (West 2014)) because it nullified the parties' participation in the section 9 proceedings that had occurred before the Department in the case. Finally, Director Chaviano's letter stated the Department would conduct an investigatory hearing on the classification issue, pursuant to section 4 of the Act. 820 ILCS 130/4 (West 2014). This effectively terminated the 2014 proceedings, which were held pursuant to section 9 of the Act (*id.* § 9) and subject to all of the formal hearing procedures set forth in that section, as well as the procedures set forth in sections 120.100 through 120.670 of Title 56 of the Illinois Administrative Code. 56 Ill. Adm. Code 120.100 (2014). The fact the letter ordered an investigatory hearing to commence on the issue of classification does not translate into a continuation of the 2014 proceeding, because pursuant to

[6]Although section 9 of the Act (820 ILCS 130/9 (West 2014)) states that "[t]he final determination by the Department of Labor *** shall be rendered within 30 days after the conclusion of the hearing," we find this provision is directory, rather than mandatory. See *Cooper v. Department of Children & Family Services*, 234 Ill. App. 3d 474, 482 (1992) (if a provision of a statute states the time for performance of an official duty without any language denying performance after a specified time, it is directory, rather than mandatory).

[7]This court makes no determination as to the propriety of this determination. Indeed, this is one of the major issues subject to judicial review under the ARL.

section 4 of the Act (820 ILCS 130/4 (West 2014)), the investigatory hearing process is not an adversary hearing at all, but rather, simply a process by which the Department unilaterally "ascertains" the proper classification and rates.

¶ 29    In summary, for the reasons set forth above, we find Director Chaviano's October 16, 2015, letter qualifies as an "administrative decision" as that term is defined in section 3-101 of the ARL (735 ILCS 5/3-101 (West 2014)), because it is an administrative agency's determination, rendered in a particular case, affecting the legal rights of the parties, and results in the termination of the section 9 proceeding before the Department. As such, the Laborers may not seek judicial relief from the determination made in Director Chaviano's letter outside of the ARL. See *Guerrero*, 397 Ill. App. 3d at 795 (citing 735 ILCS 5/3-102 (West 2008)); 820 ILCS 130/9 (West 2014). For this reason, the circuit court had no authority to entertain causes of action for declaratory or injunctive relief based on the decision set forth in the letter. See *Arvia*, 209 Ill. 2d at 532.[8] Accordingly, we reverse the circuit court's January 20, 2017, order and remand with directions that the circuit court dismiss the instant action for a lack of subject matter jurisdiction.

¶ 30    We now take up the two motions that remain pending before this court. The Laborers moved this court to supplement the record on appeal with records from the proceedings that took place before the circuit court of Cook County. Public documents which are included in the records of other courts and administrative tribunals fall within the readily verifiable facts which

---

[8]We distinguish this case from our decision in *People ex rel. Olin Corp. v. Department of Labor*, 95 Ill. App. 3d 1108 (1981). In that case, the Director issued an order, on his own initiative, that withdrew his own previous order, entered three months earlier, and directed a hearing to be held on an issue that had been finally determined by the Director in the previous order. *Id.* at 1109. Under those circumstances, the ARL was no longer available, as the proceedings were already finally concluded. *Id.* at 1111. Thus, we held that the circuit court had authority to issue a writ of prohibition, because the Director sought to exercise judicial or quasi-judicial power that was unauthorized by law and would result in injury for which no other adequate remedy existed. *Id.* As set forth in detail above, this is not the case with the action taken by Director Chaviano in his letter, which was, itself, an administrative decision subject to the ARL.

are subject to judicial notice. *May Department Stores Co. v. Teamsters Union Local No. 743*, 64 Ill. 2d 153, 159 (1976). Thus, we grant the Laborers' motion to supplement the record with these documents.

¶ 31    The Laborers also moved to strike those portions of the Contractors' brief that addressed issues other than the circuit court's denial of their petitions to intervene. We did not address the issue of the circuit court's denial of the Contractors' petitions to intervene directly, due to our disposition of this appeal based on the circuit court's lack of subject matter jurisdiction over the Laborers' complaint for declaratory and injunctive relief. We recognize, however, that the Contractors were party to the 2014 proceedings which resulted in the administrative decision set forth in Director Chaviano's 2014 letter. Based on our finding that a proceeding under the ARL is the only method of judicial review of that decision, and the fact that the Contractors are necessary parties thereto, we deny the Laborers' motion to strike.

¶ 32                                    CONCLUSION

¶ 33    For the foregoing reasons, we grant the Laborers' motion to supplement the record on appeal and deny the Laborers' motion to strike portions of the Contractors' brief. We reverse the circuit court's January 20, 2017, order, which granted the Laborers' motion for summary judgment, and remand with directions that the circuit court dismiss the Laborers' complaint for a lack of subject matter jurisdiction.

¶ 34    Motion to supplement granted; motion to strike denied; order reversed; cause remanded with directions.

17

2018 IL App (5th) 170081

NO. 5-17-0081

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MICHAEL TODD, as a Member of the Laborers' International Union of North America Local 459, Belleville, Illinois; and THE MIDWEST REGION OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, Great Plains District, Southern & Central District, and Southwest Illinois District, | ) ) ) ) ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiffs-Appellees, | ) ) | |
| v. | ) ) | No. 15-MR-414 |
| HUGO CHAVIANO, in His Official Capacity as Director, and THE ILLINOIS DEPARTMENT OF LABOR, | ) ) ) ) | |
| Defendants-Appellants | ) ) | |
| (Associated General Contractors of Illinois; The Underground Contractors Association of Illinois; American Council of Engineering Companies of Illinois; Illinois Society of Professional Engineers; Southern Illinois Builders Association; Illinois Professional Land Surveyors Association; Illinois Road & Transportation Builders Association; Diamond Construction Company; United Contractors Midwest, Inc.; Advanced Asphalt Company; E.T. Simonds; Tarlton Corporation; ARC Design Resources, Inc.; Shive-Hattery, Inc.; PI Surveying Group, P.C.; Robinson Engineering, Ltd.; Prairie Engineers of Illinois, P.C.; Hermann & Associates, L.L.C.; Klinger & Associates, P.C.; McDonough-Whitlow, P.C.; Andrews Engineering, Inc.; Tyson Engineering, Inc.; Bowman, Barrett & Associates, Inc.; Maurer-Stutz, Inc.; Oates Associates, Inc.; Crawford, Murphy & Tilly, Inc.; Ament, Inc.; Alfred Benesch & Company; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

Chastain & Associates, L.L.C.; Clark Dietz, Inc.;                    )
Coombe-Bloxdorf, P.C.; Farnsworth Group, Inc.;                       )
Kaskaskia Engineering Group, L.L.C.; SCI Engineering,                )
Inc.; Woolpert, Inc.; Hartke Engineering and Surveying,              )        Honorable
Inc.; and Poepping, Stone, Bach & Associates, Inc.,                  )        Robert P. LeChien,
Putative Intervenors-Appellants).                                    )        Judge, presiding.

---

**Rule 23 Order Filed:**         December 20, 2018
**Motion to Publish Granted:**   January 18, 2019
**Opinion Filed:**               January 18, 2019

---

| | |
|---|---|
| **Justices:** | Honorable James R. Moore, J. |
| | |
| | Honorable David K. Overstreet, P.J., and |
| | Honorable Thomas M. Welch, J., |
| | Concur |

---

| | |
|---|---|
| **Attorneys for Appellants** | Andrew J. Martone, Matthew B. Robinson, Hesse Martone, P.C., 13354 Manchester Rd., Suite 100, St. Louis, MO 63131 |
| | |
| | Attorney General of Illinois—Civil Division, Laura M. Wunder, Assistant Attorney General, 100 West Randolph Street, 12th Floor, Chicago, IL 60601 (attorneys for Hugo Chaviano) |

---

| | |
|---|---|
| **Attorneys for Appellees** | Patrick R. Foley, Foley & Kelly, LLC, 107 West Main Street, Suite 4, Belleville, IL 62220; Ellen J. Schanzle-Haskins, 1 North Old State Capitol Plaza, Suite 525, Springfield, IL 62701-1375 |
| | |
| | Edward M. Hogan, Nicholas M. Hudalla, Hogan Marren Babbo & Rose, Ltd., 321 North Clark Street, Suite 1301, Chicago, IL 60654-5202 (attorneys for Martin Flanagan) (*Amicus Curiae*) |

---